## LEAKE v. HARTMAN.

(Supreme Court, Appellate Division, Fourth Department. March 9, 1910.)

1. CONSTITUTIONAL LAW (§ 111*)—VESTED RIGHTS—RIGHT OF APPEAL.
   The right to appeal is not a vested right, and no constitutional right is invaded in taking it away.
   [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 267–269; Dec. Dig. § 111.*]

2. COURTS (§ 190*)—MUNICIPAL COURT—TRIAL DE NOVO ON APPEAL—STATUTORY PROVISIONS.
   Statutory Construction Law (Laws 1892, c. 677) § 31, providing that an action pending immediately prior to the taking effect of the repeal of a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

statute under which it was commenced may be prosecuted and defended to final effect in the same manner as it might have been if such provision were not repealed, did not preserve the right to a new trial in the County Court in an action begun in a Municipal Court prior to the taking effect of Laws 1907, c. 754, repealing the law giving a right to a new trial before a jury in such cases on appeal to the County Court, where the appeal to the County Court was not taken until after the law had taken effect.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190;* Appeal and Error, Cent. Dig. §§ 103, 3379½.]

Williams and Robson, JJ., dissenting.

Appeal from Monroe County Court.

Action by Stephen S. Leake against William Hartman. From an order of the County Court striking the case from the calendar for the trial of issues of fact with a jury, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Carnahan, Adams, and Jameson & Pierce, for appellant.
J. W. Barrett, for respondent.

KRUSE, J. The action was originally commenced in the Municipal Court of the city of Rochester and an appeal taken to the County Court of Monroe county. After the action was commenced, and before the appeal was taken to the County Court, the right to a new trial was taken away by chapter 754, Laws 1907. The facts relating to the action and the proceedings had are fully stated in the opinion of Mr. Justice WILLIAMS, and need not be referred to here in detail.

The appellant insists that he is entitled to a new trial in the County Court; and the question here is whether the provision in the statutory construction law which saves a right of action notwithstanding the repeal of a statute and permits an action pending immediately prior to the taking effect of the repeal to be prosecuted and defended to final effect in the same manner as it might be if such provision were not repealed saves the right to a new trial in the County Court. We are agreed, as I understand it, that the right of appeal itself is not a vested right, and no constitutional right is invaded in taking it away. Furthermore, the act of 1907 does not assume to take away the right of appeal, but only changes the method of reviewing the judgment on appeal. Our difference arises over the interpretation and effect of the saving provision in the statutory construction law to which I have referred. Undoubtedly causes of action are saved and the abatement of actions prevented by this provision of the statutory construction law, but I do not think it was intended thereby to preserve precisely the same procedure in prosecuting or defending an action to final effect as provided for before the repealing act became effective. Lazarus v. Metropolitan Street Ry. Co., 145 N. Y. 581, 40 N. E. 240. The repeal of the provision in the statute providing for a new trial upon an appeal from a judgment of the Municipal Court to the County Court was a mere change in the procedure, as it seems to me, and the right to a new trial was not preserved by the saving provision of the statutory construction law.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It follows, therefore, that the order should be affirmed with $10 costs and disbursements. All concur, except WILLIAMS and ROBSON, JJ., who dissent in an opinion by WILLIAMS, J.

WILLIAMS, J. (dissenting). The order should be reversed, with $10 costs and disbursements, and the motion denied.

The action was brought in the Municipal Court of the city of Rochester for the purchase price of merchandise, and judgment was asked for $672.40, interest and costs. The defendant answered, setting up some specific defenses, and then a general denial. Plaintiff recovered a judgment for the amount of his claims on trial before the court without a jury, and the defendant appealed to the County Court, demanding a new trial in the latter court. The action was commenced December 5, 1907. The trial in Municipal Court was had February 5, 1908. Judgment was rendered March 3, 1908, and the appeal to the County Court was taken March 23, 1908.

The County Court in making the order appealed from held that after chapter 754, Laws 1907, took effect January 1, 1908, there was in this case no right to a new trial before a jury in that court. Prior to the act in question, which may be designated a repealing act, such right to a new trial existed. That act contained no saving clause, but the appellant relies upon section 31 of the Statutory Construction Law as saving such right. This section provides, among other things:

"The repeal of a statute or part thereof shall not affect or impair any act done or right accruing, accrued, or acquired, or liability, penalty, forfeiture, or punishment incurred prior to the time such repeal take effect, but the same may be asserted, enforced, prosecuted or inflicted, as fully and to the same extent, as if such repeal had not been effected; and all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal may be prosecuted and defended to final 'effect,' in the same manner as they might, if such provision were not so repealed."

This section is in the nature of a general saving clause, and was intended to take effect upon all statutes passed without a saving clause. Thacher v. Supervisors of Steuben, 21 Misc. Rep. 271–279, 47 N. Y. Supp. 124, and cases therein cited. The right to a trial by jury in County Court on this appeal was an important, if not a constitutional, one. The action was pending in Municipal Court when the repealing act took effect January 1, 1908. By the express terms of section 31 the repealing act did not affect or impair this right to a jury trial in County Court. The action having been commenced under the statute repealed, and being pending immediately prior to the taking effect of such repeal, the defendant was entitled to defend the same to "final effect" in the same manner as though the statute had not been repealed. "Final effect" must be regarded as meaning the last proceeding the defendant could insist upon in the case, which would certainly include, not only the appeal, but the trial by a jury in the County Court. In this view it is not so much a question whether the Legislature had power to deprive the defendant of a constitutional right as whether they intended by this act in view of section 31 of the statutory construction law to take away this right in actions pending prior to the taking effect of the repealing act. It seems to me the answer to this

question is plain that there was no such intention. As to the effect of this section 31, see People ex rel. City of Buffalo v. N. Y. C., 156 N. Y. 570, 51 N. E. 312; People ex rel. City of Niagara Falls v. N. Y. C., 158 N. Y. 410, 53 N. E. 166; Village of Champlain v. McCrea, 165 N. Y. 264–270, 59 N. E. 83.·

We conclude that the order was improperly granted and should be reversed.

ROBSON, J., concurs.