(83 Misc. Rep. 399)

### TROSTER v. DANN.

(Supreme Court, Appellate Term, First Department. December 23, 1913.)

1. PARTNERSHIP (§ 25*)—CREATION—FRAUD—RESCISSION.
   Where a person is induced to purchase a half interest in defendant's carpenter business through false representations as to the indebtedness thereon or against defendant personally, and on discovery of the fraud offers to release defendant and demands a return of the money paid, he may rescind and recover such money.
   [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 11; Dec. Dig. § 25.*]

2. COURTS (§ 188*)—JURISDICTION—LAW AND EQUITY.
   That a complaint which demands only a money judgment alleges facts which would authorize equitable relief, will not deprive the municipal court of jurisdiction under Municipal Court Act (Laws 1902, c. 580) § 1, subd. 13, and section 2, giving such court jurisdiction of an action for damages, where the amount claimed does not exceed $500, and taking away its equity jurisdiction; an action at law being maintainable where relief can be as completely had either in law or in equity.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

3. ACTION (§ 22*)—"ACTION AT LAW"—"ACTION IN EQUITY."
   The most obvious distinction between "actions at law" and "actions in equity" consists in the different modes of relief. In an action at law relief is almost invariably administered in the form of pecuniary compensa-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion in damages for the injury received; in the other the court has discretionary power to adapt the relief to the circumstances of the case.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 124–139, 143, 145; Dec. Dig. § 22.*

For other definitions, see Words and Phrases, vol. 1, pp. 128–140; vol. 8, p. 7563; vol. 1, p. 144.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Mathew Troster against George Dann. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

William O. Gantz, of New York City, for appellant.

Charles Recht, of New York City (Sidney R. Fleischer, of New York City, of counsel), for respondent.

WHITAKER, J. This action was brought in September, 1913, on service of summons and verified complaint, intending to allege a cause of action in fraud and deceit, and seeking to recover back the moneys which plaintiff paid to the defendant. The alleged fraud and deceit occurred in transactions between the plaintiff and defendant whereby the plaintiff secured from the defendant an agreement for the sale of a one-half interest in the business, known as the "Yorkville Carpenter Shop," which had been conducted by the defendant. The plaintiff was served with the summons, and upon the return day the defendant filed his verified answer to the allegations contained in the complaint, and the case was set down for trial. When the case was called for trial, defendant's counsel moved to dismiss the complaint upon the ground that the court had no jurisdiction of the cause of action, claiming that the action was an action in equity to set aside a partnership agreement, and calling the attention of the trial justice to the prayer for relief, in which the plaintiff had asked that the "articles of partnership be set aside and declared to be null and void or be delivered up and canceled." There was no other provision of the complaint which was claimed to indicate that the action was brought in equity. Plaintiff's counsel conceded that the demand for equitable relief was beyond the power of the court to grant and withdrew all demands for relief except the demand for judgment in the sum of $500 and costs. A motion to amend the complaint in that respect by striking out the demand for equitable relief was granted. Notwithstanding this amendment and the withdrawal of the demand for equitable relief, the motion to dismiss for lack of jurisdiction was granted, and plaintiff excepted. Thereafter a judgment of dismissal was entered, and costs amounting to $30 were taxed and entered in the judgment docket.

[1] The complaint in substance alleges that plaintiff was induced by false and fraudulent representations to purchase a half interest in a carpenter business owned and conducted by the defendant. The false

representations consisted chiefly in the alleged false statements made by the defendant that he only owed $250 either personally or on behalf of the business. There was property belonging to the defendant used in and belonging to the business consisting of machinery, etc. The complaint alleges further that, upon the discovery of the falsity of the defendant's representations and the fraud practiced upon him, he offered to release the defendant from the partnership agreement and demanded of the defendant a return of the money plaintiff had paid defendant, all of which defendant refused. The complaint, we think, sets up sufficient facts to make out a cause of action; the only question being as to the jurisdiction of the court to try such action.

[2] Subdivision 13 of section 1 of the Municipal Court Act (Laws 1902, c. 580) appears to give the court jurisdiction of "an action for damages for fraud or deceit where the damages claimed do not exceed $500." Section 2 takes away from the court "equity jurisdiction." The complaint, as amended, does not seek equitable relief; it demands a money judgment. Simply because the complaint alleges facts which would support an action for equitable relief in a court having equity jurisdiction should not of itself deprive the plaintiff of his right to a money judgment, nor should it take away from the court the power to award or grant a common-law relief. Where relief can be as completely had either in law or equity, an action at law is maintainable. The right to maintain an action in equity does not prohibit a party from proceeding in a court of law. Where damages will supply an adequate compensation, an action at law will lie; when damages will not furnish an adequate remedy, a court of equity will intervene.

[3] The most obvious distinction between actions at law and actions in equity consists in the different modes of relief. In the action at law relief is almost invariably administered in the form of pecuniary compensation in damages for the injury received; in the other the court has discretionary power to adapt the relief to the circumstances of the case.

In the present action the amended complaint only seeks damages for the fraud practiced upon the plaintiff; a money judgment is sought. It is true a money judgment might still leave the contract in force, but we can see no objection to the plaintiff delivering up and canceling the contract upon the trial of the action. The result is practically the same as when a plaintiff sues upon an original obligation and upon the trial delivers up any written promise to pay which he may have obtained from the defendant. If plaintiff was induced to enter into the partnership by the fraudulent representations of the defendant, plaintiff could rescind the contract and recover back his contribution. For misconduct in the management of the business or a violation of his rights, no such action would lie, but the present action is not of that kind. More v. Rand, 60 N. Y. 208; Hollister v. Simonson, 36 App. Div. 63, 55 N. Y. Supp. 372.

We think the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event; upon such new trial the evidence of the parties can be taken and all the facts ascertained, after which the court will be able to determine the questions in controversy.

LEHMAN, J.   I concur in the view that, where fraud has been practiced in the inception of the partnership agreement, the defrauded party has a right to rescind and to recover the amounts paid as a consideration for the making of the partnership and the purchase of an interest in the business.   The complaint herein sets forth a good cause of action for money had and received as to these items, although the plaintiff seeks to recover also other items which must be disregarded if the action proceeds in the Municipal Court.

PAGE, J.   I concur in the reversal of the judgment.   It is undoubtedly true that ordinarily one partner cannot sue his copartner at law in respect to their copartnership dealings.   If, however, the cause of action is distinct from the partnership accounts and does not involve their consideration, an action at law may be maintained.   Howard v. France, 43 N. Y. 593, 596.   In the case at bar the copartnership accounts are in no way involved.   Although the complaint is inartificially drawn, there are sufficient facts stated to constitute a cause of action to recover a sum of money paid by plaintiff to the defendant for an interest in the business of the latter, on the false and fraudulent representation of the defendant as to the condition of his business and the amount of his indebtedness.   This action has nothing to do with the partnership as such.   It relates to the origin of the copartnership agreement which was the result of fraud and deceit.   There were no copartnership accounts at the time the cause of action arose.   There is no need to resort to equity; the action is one at law.   Verastegni v. Luzunarez, 12 Wkly. Dig. 489; Id., 25 Hun, 119.   The Municipal Court had jurisdiction to try the case as the amount involved did not exceed $500.