JOHN MAHONEY, Respondent, v. ELLSWORTH D. FORER, Appellant.— Order modified by restricting the examination so as to show who were the contracting parties, whether the copartnership, or the defendant alone; and as so modified affirmed, without costs of this appeal to either party. All concurred.

ALBERT J. REXIN, Appellant, v. HERMAN MILLER, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Held, that the complaint should be construed as sufficiently alleging a cause of action for conversion. All concurred, except Kruse, P. J., and Merrell, J., who dissented.

GIOVANNI PILANI, Respondent, v. VINCENZO LANOVARO, Appellant.— Order affirmed, with ten dollars costs and disbursements, on the authority of Leake v. Hartman (137 App. Div. 451; affd., 202 N. Y. 605). All concurred.

In the Matter of the Application of HYDRAULIC POWER COMPANY OF NIAGARA FALLS, Respondent, to Perpetuate the Testimony of CHARLES B. GASKILL and Another, etc. PETTEBONE-CATARACT PAPER COMPANY, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Held, the opposing affidavits show prima facie title to the piece of land in question in appellant, the Pettebone-Cataract Paper Company. The land being vacant and uninclosed, possession is presumed to follow the legal title. The Special Term should have denied the application on the ground that petitioner was apparently not in possession at the date of the petition and for one year next preceding as alleged in the petition and as required by section 1688-d of the Code of Civil Procedure. All concurred.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES SPIRE, Respondent, v. ARTHUR W. KREINHEDER, as Superintendent of the Department of Public Works of the City of Buffalo, Appellant.— Order reversed and writ dismissed, without costs. Held, that it appears from the answering affidavits: (1) That the position heretofore held by the relator was properly abolished; (2) that the relator, since said position was abolished, was offered either of the remaining positions of painter in the water department, but that he refused to accept; and under the circumstances the relator is not entitled to the writ. All concurred.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOON LAKE CLUB and Others, Appellants.— Orders affirmed, with ten dollars costs and disbursements. All concurred.