ELMER F. HAVENS, Respondent, v. ALFRED E. KING, as Treasurer of the Grand Lodge, Brotherhood of Railroad Trainmen, etc., and Another, Appellants.

Third Department, September 27, 1927.

Trade unions — expulsion of member — action to recover damages for alleged expulsion — allegations of complaint not sustained — defense to charges raised in this action should have been raised in proceedings in union — plaintiff did not exhaust remedies within union — plaintiff was bound by amendment to constitution — plaintiff could not bring action under General Associations Law, § 13, against treasurers of local and grand lodges.

The plaintiff was expelled from the local lodge of the Brotherhood of Railroad Trainmen and has brought this action to recover damages on the theory of an illegal expulsion which deprived him of his benefits within the union. The plaintiff has not sustained the allegations of the complaint to the effect that the proceedings before the local union did not comply with the constitution and rules of the Brotherhood and that his expulsion was the result of capricious action on the part of the local union.

The charge against the plaintiff on which he was expelled was that he violated the rules of the union in performing the work of an air brake inspector while that union was on strike. At the time plaintiff committed the alleged act he was a yardmaster. His contention in this action that he was required as yardmaster by a working agreement between the Brotherhood and the railroad to uncouple the air brakes and that, therefore, he did not violate any obligation or principle of the Brotherhood, was not presented by him in his defense before the committee or the lodge or on appeal. The plaintiff should have presented that defense before the proper tribunal.

Furthermore, it appears that the plaintiff has not exhausted his remedy within the union in that he did not take an appeal to the board of appeals of the Grand Lodge.

The plaintiff was bound by an amendment of the constitution of the Brotherhood setting up a new board of appeals although it did not take effect until after he was expelled.

This action for damages cannot be maintained against the treasurers of the grand and local lodges under section 13 of the General Associations Law, for such an action can be maintained only where there is a cause of action existing against all the associates, either jointly or severally. Assuming that an erroneous decision had been made expelling the plaintiff (which the court does not decide), in the absence of bad faith the members of the association cannot be held liable in damages as joint tort feasors and the action is not maintainable under said section 13 of the General Associations Law.

McCANN and DAVIS, JJ., dissent, with memorandum.

APPEAL by the defendants, Alfred E. King and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 22d day of January, 1926, upon the verdict of a jury for $3,000, and also

from an order entered in said clerk's office on the 1st day of February, 1926, denying defendants' motion for a new trial made upon the minutes.

*William T. Moore,* for the appellants.

*Robert W. Fisher,* for the respondent.

HINMAN, J. The action seeks damages in tort for an alleged illegal expulsion of the plaintiff from the Brotherhood of Railroad Trainmen. On July 16, 1922, charges were preferred against the plaintiff in and before the L. S. Coffin Lodge of which he was a member. Such charges were referred to a committee for hearing and determination. The committee ·after a trial reported to the lodge sustaining one of those charges and recommending the expulsion of the plaintiff. The report of the committee was approved and the plaintiff was expelled at a regular meeting of the lodge. The plaintiff appealed to the president of the Brotherhood of Railroad Trainmen, as permitted by the constitution of the Brotherhood, and the determination and expulsion were affirmed by him. The plaintiff then appealed pursuant to the constitution to the board of directors of the grand lodge which also resulted in an affirmance of the action taken. The plaintiff did not appeal, however, to the board of appeals of the grand lodge as permitted by the constitution of the Brotherhood but brought this action in which he has recovered judgment.

It is alleged in the complaint and admitted in the answer that the Grand Lodge, Brotherhood of Railroad Trainmen, is an unincorporated association, organized within this State and having its principal office at Cleveland, O.; that the defendant King is treasurer thereof; that the L. S. Coffin Lodge is a subordinate lodge and also an unincorporated association organized and having its office at Mechanicville, N. Y.; that the defendant Welch is the treasurer thereof; that the members of both the grand lodge and of said subordinate lodge have voluntarily established constitutions and general rules governing the members, officers and committees thereof; that by virtue of said constitutions and rules membership in said grand lodge is made dependent upon membership in some subordinate lodge and the right to admit persons to membership and to terminate membership therein by expulsion is vested in the subordinate lodge; that said constitutions provided for appeals in cases of expulsion; and that the plaintiff did not exhaust the remedies by appeal so provided for within said Brotherhood before resorting to the present action.

The theory of the plaintiff, as further set forth in his complaint but denied in the answer, is that his expulsion was accomplished

in direct violation of the constitution and rules of the Brotherhood and entirely void, and that for such reason the provisions as to the taking of appeals were waived and it became unnecessary for him to exhaust his remedies by appeal within the order before bringing this action.

It is the theory of the complaint that the constitution and rules of the Brotherhood were violated in that no proper written charges were presented to or accepted by his lodge; that no copy of any charges, with notice of the time and place of hearing thereof, was ever served on him by registered mail or otherwise and no charge was ever lodged against him therein other than a certain informal complaint; that said charges so informally made were trifling and frivolous and presented no sufficient ground upon which to base any disciplinary proceedings; that his lodge pretended to hear the trial of said pretended charges and without having acquired any jurisdiction over him it proceeded capriciously, arbitrarily and maliciously to expel him from said grand and subordinate lodges; that it was provided in substance in the constitution that all charges should be tried before a fair and impartial committee, to which legal evidence by way of affidavit should be submitted and whose report upon such evidence should be submitted to the lodge, and that a vote should be taken thereon as to whether the decision of the committee should be sustained, and that all of the members of said lodge were entitled to a vote thereon and to personal notice of the meeting and of the fact that such a vote was to be taken at said meeting; that proper notice of the calling thereof was not given; that at such meeting a pretended trial took place before a committee whose members had previously announced their determination to cause the expulsion of said member and before whom no legal evidence by way of affidavit or otherwise was presented; that said committee wrongfully found against said accused and their report and findings were wrongfully submitted to a small minority of those entitled to vote thereon and was by them wrongfully sustained and that the power of expulsion as vested in said subordinate lodge was not in good faith exercised as against said accused.

It is the further theory of the complaint that as to the termination of membership by expulsion the officers, committees and members of the local lodge participating therein acted as agents of the grand lodge and of such subordinate lodges, that is, all of the members of the Brotherhood of Railroad Trainmen. No charges of bad faith or of capricious, arbitrary or malicious conduct on the part of the grand lodge or its officers are made in the complaint. The allegations of the complaint, setting forth this theory of the plaintiff as to the grounds of liability of all the members of the

local lodge as well as those of the Brotherhood as a whole, are denied in the answer.

The plaintiff's theory of the damages suffered by him is that by his expulsion he lost his rights under a certain beneficiary certificate issued by the grand lodge which in substance provided certain benefits to him in the event of his disability and which at his death afforded to his widow a death benefit of $1,800, and that after his expulsion he was subjected to great humiliation, insult and disgrace at the hands of former friends in the Brotherhood.

Upon the trial the plaintiff's proofs fell far short of sustaining the allegations of his complaint. Proper written charges were presented to and were accepted by his lodge at a regular meeting. A fair summary of the charges was served on plaintiff in writing by the secretary, giving him notice of the time and place of trial. He appeared at the trial and was given a full opportunity to be heard. The local lodge had jurisdiction under its constitution " to punish members for misconduct and violation of obligation," and any member " violating any of the duties of membership, or any of the principles of the Brotherhood," could, upon conviction thereof, be expelled by the lodge. The decision of the local lodge was final unless reversed by the president, board of directors, or board of appeals of the grand lodge on appeal. The local lodge thus had jurisdiction of the person and of the subject-matter. The charges were heard and investigated in the presence of the plaintiff by the committee duly appointed for that purpose and at the time and place duly designated and in the manner prescribed in the constitution. They kept full minutes of their proceedings and evidence which they reported to the lodge at the next regular meeting, together with their decision unanimously sustaining one of the charges, two of the charges having been withdrawn during the course of the trial, after hearing the plaintiff. At the next regular meeting of the lodge the action of the committee was considered and confirmed and a resolution was passed expelling the plaintiff. There is no proof that the trial was conducted in an unfair manner or that the members of the committee or any of them previously announced their determination to expel the plaintiff or that any member of the committee was even unfriendly to him. There is nothing in the constitution or rules requiring personal notice to all the members of such a meeting and of the fact that such a vote of expulsion was to be taken. The constitution required the matter to be presented at the " next regular meeting." No notice of regular meetings was required. So far as may be judged by the proofs the proceedings, from charges to expulsion, were conducted in good faith and in the manner prescribed by the constitution.

Upon the merits of the charge upon which the plaintiff was tried and convicted considerable doubt arises as to whether it was sufficiently proven that he violated any obligation or principle of the Brotherhood. About July 1, 1922, the shop crafts union at the Mechanicville yards of the Boston and Maine railroad went out on a strike. The plaintiff's union did not strike. Prior to the strike there were air brake inspectors belonging to the striking union who uncoupled the air lines when cars were taken from passenger trains. The charge sustained against the plaintiff was that he accepted the position of yardmaster after the strike began and took the place of a man who declined to do the work of the striking employees and that on July 10, 1922, he uncoupled the air hose on a certain train after the train crew had refused to do the work of the striking air brake inspectors. He claimed that he was required to do it as yardmaster under the working agreement between the railroad and his union. It thus became a mere question whether his admitted act in time of such trouble was " misconduct " or a violation of any " obligation " or " principle " of his Brotherhood. It is difficult to see how, if he was performing an obligation of his union under its working agreement with the railroad, he could be deemed to have violated any obligation or principle of his Brotherhood that would merit expulsion, unless it was in the manner in which the plaintiff undertook and did the work with consciousness that he was likely to offend his Brotherhood and in his having received a check from the railroad for seventy-five dollars for doing the act complained of. There was proof before the committee that when the plaintiff uncoupled the car in question he made the remark: " I might just as well get in wrong now as later." He was also asked the question whether it was not a fact that he had received a check for seventy-five dollars from the Boston and Maine Railroad Company commending him for the stand he took — the money being a token of appreciation for his services during their hour of strife. The plaintiff refused to commit himself on that question, but did not deny that he received the check. The report of the trial before the committee is in the record and it nowhere appears that the plaintiff raised a defense that he was bound to uncouple that car that night as a duty required of him under the working agreement between the lodge and the railroad. The record also discloses his appeals to the president of the grand lodge and to its board of directors, in which he sets forth the grounds of his appeals. He presented no such defense of duty under the working agreement upon either of said appeals and he brought this action without exhausting his remedies of appeal within the order by appealing to the board of appeals of the grand lodge.

The plaintiff has failed to prove his allegations that without having acquired any jurisdiction over him the local lodge proceeded capriciously, arbitrarily and maliciously to expel him on pretended charges. No charge of bad faith was alleged against the grand lodge and none has been proven. It may be that the local lodge made an unjust determination in the exercise of its jurisdiction to expel the plaintiff which has not been corrected by appeal to the grand lodge, but if so, it was largely perhaps because he failed to present as strong a case to any of such bodies as he has been able to present in court with the aid of learned counsel.

It has been repeatedly adjudged that such decisions by the governing body of a voluntary unincorporated association cannot be reviewed by a legal or equitable tribunal, nor even considered, unless the alleged cause of expulsion be so trivial or unimportant of itself as to suggest that the action of the committee was capricious or corrupt and not *bona fide*, or unless the association has failed to fairly and honestly administer its own rules. (See *Loubat* v. *Le Roy*, 15 Abb. N. C. 1, 32; *White* v. *Brownell*, 2 Daly, 329, 359, and notes thereto appended. See, also, 5 C. J. 1364.) Moreover, MILLER, J., in *Lafond* v. *Deems* (81 N. Y. 507) in considering such subject says: " Courts should not, as a general rule, interfere with the contentions and quarrels of voluntary associations, so long as the government is fairly and honestly administered, and those who have grievances should be required in the first instance to resort to the remedies for redress provided by their rules and regulations." This rule was likewise applied in *Loubat* v. *Le Roy* (*supra*) and in *White* v. *Brownell* (*supra*). In *Loubat* v. *Le Roy* (*supra*, 43) VAN VORST, J., says: " I am satisfied that such rule is reasonable in itself, and should be adhered to by the courts, for if their doors are to be thrown open wide to all cases in which the proceedings and practice of voluntary associations in the expulsion of members shall be revised, notwithstanding provision is made for a review, or a rehearing, within these bodies by their rules, the courts will in the end be flooded with cases of this character, for the number of such associations organized for various purposes, already large, is constantly increasing."

It was the duty of the plaintiff to present to the trial committee, or at least upon appeal to the grand lodge, the defense relied upon here and it was his duty to exhaust his remedy by appeal within the order. Such was his right and it was the reasonable understanding of all of his numerous associates when he joined the Brotherhood. It is not reasonable to hold members of the Brotherhood who did not participate in expulsion proceedings to liability to one of their associates who raises a defense for the first time in

court and who neglects to take advantage of any effective remedy within the order. No such damage as the plaintiff now claims could have arisen if he had successfully prosecuted an appeal to the board of appeals. We are not permitted to speculate as to what might have been the result if he had presented a defense raised in this court for the first time, nor as to what would have been the result of a further appeal if it had been properly taken and his defense properly presented. The presumption is that both the local lodge and the appellate board would have done what was right and just.

It is claimed, however, that the plaintiff was not bound by an amendment of the constitution of the Brotherhood which went into effect on September 1, 1922, because his trial and expulsion took place on August 6, 1922. In May or June, 1922, the convention of the Brotherhood had amended the constitution, effective September, 1922, providing a new board of appeals. This became effective long before the plaintiff had unsuccessfully appealed to the president and board of directors of the Brotherhood, and was a procedure that was clearly available to him. The contract between the plaintiff and the Brotherhood as a voluntary association was contained in the constitution and by-laws which the Brotherhood had the right to alter, and the plaintiff is deemed to have consented or acquiesced in amendments duly made. (*Poultney* v. *Bachman,* 31 Hun, 49; *Dawkins* v. *Antrobus,* L. R. 17 Ch. Div. 615.) The amendment in question related merely to procedure or remedy. No vested right is disturbed by giving effect to a new remedy by appeal in a pending proceeding. (*Leake* v. *Hartman,* 137 App. Div. 451; affd., 202 N. Y. 605.) The plaintiff, therefore, should have sought redress of his grievance within the order carrying it to the new board of appeals.

A further reason requires the reversal of the judgment and the dismissal of the complaint herein, which logically follows from the foregoing reasoning. This action is sought to be maintained against the treasurers of the grand and local lodges, respectively, under section 13 of the General Associations Law (as added by Laws of 1920, chap. 915), which was formerly section 1919 of the Code of Civil Procedure. The provisions of that section limit, however, the right to sue an unincorporated association, by bringing the action against its president or treasurer, to a " cause of action for or upon which the plaintiff may maintain such an action * * * against all the associates, by reason of * * * their liability therefor, either jointly or severally." Assuming that an erroneous decision has been made expelling the plaintiff (which we

31

do not decide), in the absence of bad faith the members of the association cannot be held liable in damages as joint tort feasors and the action is not maintainable in its present form. (*Schouten* v. *Alpine*, 215 N. Y. 225; *McCabe* v. *Goodfellow*, 133 id. 89; *People ex rel. Solomon* v. *Brotherhood of Painters*, 218 id. 115.)

The judgment and order should be reversed and the complaint dismissed, with costs.

VAN KIRK, Acting P. J., and WHITMYER, J., concur; McCANN, J., dissents, with an opinion, in which DAVIS, J., concurs.

McCANN, J. (dissenting). It cannot be said that the plaintiff did not exhaust his remedy within the order. His action was brought for damages alleged to have been sustained by reason of an illegal expulsion. His only remedy within the order was for reinstatement, but that would not have been a complete remedy. The lodge could not have paid him the money damages which he sustained. The reinstatement would only have resulted in a mitigation thereof. He was compelled to seek his remedy in a court of law. In such cases it is a question of general policy at what time the courts will entertain jurisdiction in disputes between members of a lodge or other similar organization. Ordinarily it will give opportunity for them to seek remedy by appeal within the organization. But when a reasonable effort has been made by the aggrieved party to obtain such remedy, it is sufficient without applying to newly-created tribunals.

Furthermore, the complaint should not have been dismissed. His right to maintain the action depended upon the question as to whether the lodge acted in good faith. The jury had a right to say whether bad faith may be inferred from the conduct of the members of the local lodge and from the ratification of such action and conduct with full knowledge on the part of the officers of the grand lodge. I, therefore, dissent.

DAVIS, J., concurs.

Judgment and order reversed on the law and facts, with costs, and complaint dismissed, with costs.