In the Matter of the Application of WALTER A. DEMARSE and Another, Petitioners, for a Certiorari Order against HENRY E. BRUCKMAN and Others, Constituting the State Liquor Authority of the State of New York, and CLARENCE R. PRATT and Another, Constituting the Wayne County Alcoholic Beverage Control Board, Respondents.

Supreme Court, Monroe County, September 21, 1937.

*Harry A. Sessions*, for the petitioners.

*William H. Ticho* [*Monroe I. Katcher, II*, of counsel], for the respondents.

VAN VOORHIS, J.   This proceeding comes before the court upon the return of an order to show cause why an order of certiorari should not issue.   The order to show cause was granted July 2, 1937, returnable September 4, 1937.   A preliminary question has been raised as to the effect of chapter 526 of the Laws of 1937, effective September 1, 1937, repealing former sections 1283 to 1355 of the Civil Practice Act authorizing certiorari orders, and pursuant to which this proceeding was begun.   The said act at the same time enacted new sections 1283 to 1306 *in pari materia* but providing for important differences in the procedure.   The new section 1283 contains the following provision: " The classifications, and writs and orders of certiorari to review, mandamus and prohibition are hereby abolished.   The relief heretofore obtained by such writs or orders shall hereafter be obtained as provided in this article. Wherever, in any statute reference is made to a writ or order of certiorari, mandamus or prohibition, such reference shall, so far as applicable, be deemed to refer to the proceeding authorized by this article."   Among other provisions relating to procedure it is provided that the petition shall conform to the general require-ments of the complaint in an action (new §§ 1288, 1306), that the proceeding shall be returnable upon at least eight days' notice in writing of the application unless a shorter time is prescribed by order to show cause (§ 1289), that respondent shall have the right to answer at least two days before the return day except as other-wise provided by an order to show cause (§ 1291), and that the answer shall have annexed to it a certified transcript of the record of proceedings subject to review or consideration (§ 1291). Respondent may object to the sufficiency of the petition in point of law either in the answer or by applying to the court on the return day (§ 1293), and the provisions of statute and rules generally applicable to proceedings in actions apply except as otherwise prescribed by the new statute (§ 1306).   The most important difference from the former procedure relates to the hearing upon the return of the mandate.   Formerly the hearing was before the Appellate Division in the first instance.   Only the facts stated in the return, which was prepared by respondents, could be con-sidered.   It was conclusive upon the petitioner.   (Civ. Prac. Act, old § 1300; *People ex rel. Lester* v. *Eno*, 176 N. Y. 513.)   A trial is provided for under the new practice which may in certain

cases be by jury as of right (§ 1295). Whether the questions shall be tried and determined in the lower court or heard in the first instance by the Appellate Division depends upon how they classify themselves under section 1296. Even where the hearing is before the Appellate Division in the first instance, statements made in the answer, unlike the return provided for by the former practice, are not conclusive upon the petitioner, but a triable issue as to the accuracy or completeness of the transcript of the record of proceedings annexed to the answer is presented (§§ 1295, 1296).

Respondents ask that the petition be dismissed for the reason that the law under which it was initiated has been repealed. Petitioners seek to go forward with their proceeding as commenced. The court is of the opinion that the changes in the Civil Practice Act do not impair the proceedings already had at the time when the changes took effect, but that thereafter the procedure must be adapted to conform to the new provisions. Section 94 of the General Construction Law does not apply. This section is entitled: " Effect of repealing statute upon pending actions and proceedings," and states: " Unless otherwise specially provided by law, all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed." It refers to actions or proceedings involving rights created by statutory law of a substantive nature. It must be read in connection with the preceding section (§ 93). The repeal referred to is of statutes from which the rights emanate which are involved in the pending actions or proceedings, and the section has no application to mere changes in procedure. (*Leake* v. *Hartmann*, 137 App. Div. 451; affd., 202 N. Y. 605; *Havens* v. *King*, 221 App. Div. 475, 481.)

In *Matter of Davis* (149 N. Y. 539, 545) it is stated: " It is a general rule that, in the absence of words of exclusion, a statute which relates to the form of procedure or the mode of attaining or defending rights, is applicable to proceedings pending or subsequently commenced. (*Neass* v. *Mercer*, 15 Barb. 318; *Southwick* v. *Southwick*, 49 N. Y. 510; *Lazarus* v. *M. E. R. Co.*, 145 N. Y. 581, 585.) Hence, the rights of the parties depend upon the statute of 1883, while the method of procedure is governed by that of 1892."

*Leake* v. *Hartmann* (*supra*) is particularly in point inasmuch as it involved a change in procedure by altering the right of appeal after the action had been commenced. The anal gy between review by certiorari and by appeal is close. In fact, the Court of Appeals has held that the word " reversal " as used in he statute authorizing

appeals to that court as of right includes the reversal on certiorari of the determination of a board as well as the reversal on appeal of a judgment or order of a lower court. (*Matter of Sage* v. *Broderick*, 249 N. Y. 601.) Under the holding in the *Leake* case, a change in the procedure for review by certiorari quite as much as in the case of review by appeal must be deemed to apply to pending proceedings.

The proceedings taken prior to September first should not be invalidated, but petitioners should be required to amend their petition in order to conform to the requirements of the new practice, particularly in view of sections 1288 to 1291 and 1295 and 1296. The petitioners are allowed ten days in which to serve an amended petition, and the respondents shall have two days in which to answer the amended petition prior to the return date, which may be fixed by the order.

Settle order upon notice.