LOUIS STROBEL, Plaintiff, *v.* HARRY IRVING and Another, etc., Defendants.

Municipal Court of New York, Borough of Brooklyn, First District, August 10, 1939.

*Joseph L. Ranzenhofer*, for the plaintiff.

*M. Murray Simon* [*Sidney W. Rothstein* of counsel], for the defendants.

BRENNER, J. The question to be decided is whether the plaintiff may recover damages from a trade union in the Municipal Court for a possibly wrongful expulsion, upon a charge which both he and the trade union, rightfully or erroneously, regarded as misconduct.

The plaintiff for many years has been a member in the defendant labor union, an unincorporated association, composed of bill posters and billers. The union obtained information which, in effect, indicated that plaintiff had undertaken to financially assist an expelled union member in a contemplated litigation between the latter and the defendant union. This conduct was regarded by the union officials as being in violation of article 5, section 13, of the union constitution, forbidding union business to be carried on outside of membership and board meetings, warranting expulsion. Thereupon, plaintiff was notified to appear on February 6, 1937,

before the executive board of the union. He was not, however, furnished with written charges required by article 7, section 2, of the union constitution. At that meeting he was confronted with the charge and given every opportunity to answer and defend himself. He admitted the truth of the charge and said he pleaded guilty and the members of the executive board made a report recommending a penalty of six months' expulsion and a fine of fifty dollars. This report was considered the following day, February 7, 1937, by the union membership.

The plaintiff was again given every opportunity to answer and defend himself and he again admitted the truth of the charge and pleaded guilty. The recommendation of the board was thereupon adopted by the union membership, fifty-six of the sixty members voting.

Article 7, section 4, of the union constitution permits a new trial within thirty days. Such new trial is possible if the fine shall have been paid, according to section 5 of the same article. Plaintiff did appeal and the appeal was dismissed by the board on March 7, 1937. The fine was not paid prior to such appeal. Neither was the fine paid following the appeal and it was finally rescinded in February of 1939.

The plaintiff says that the expulsion was wrongful since he received no written charges prior to the hearings; that his conduct was not in violation of any specific provision of the union constitution; that he is the victim of an illegal union proceeding in which his lack of defense and plea of guilty may now be remedied by a damage action at law. He seeks to recover $240 damages, claiming he lost twenty-four dollars of weekly wages during a period of ten weeks' enforced idleness due to such expulsion.

The Municipal Court has jurisdiction to entertain a suit at law demanding damages for loss of wages caused by a wrongful expulsion by a union of its member. (*Feinberg* v. *Basson*, 5 N. Y. Supp. [2d] 809.) The mere presence of equitable considerations in a purely legal action for damages does not, of itself, divest the court of jurisdiction. (*Goldman* v. *Senner & Kaplan Co.*, 165 N. Y. Supp. 394; *Troster* v. *Dunn*, 83 Misc. 399; *Royal Indemnity Co.* v. *Ginsberg*, 157 id. 507.) This is particularly true where the determination of the legal action is consistent with the equities involved.

Plaintiff waived his right to advance written charges for he made no objection on that score throughout the union proceedings. (*Fritz* v. *Knaub*, 57 Misc. 405; affd., 124 App. Div. 915; *People ex rel. Deverell* v. *Musical Mutual Protective Union*, 118 N. Y. 101; *People ex rel. Brewster* v. *Old Guard*, 87 App. Div. 78; affd., 178 N. Y. 576.) Neither may he now complain of the absence of an

opportunity to present his defense at the rehearing sought by him within thirty days of his expulsion, since he failed to pay the fine required under article 7, section 5, of the union constitution.

The specific charge of financial help to an expelled member threatening action against the union may not be a violation of article 5, section 13, of the union constitution. It may not justify the interpretation that it constituted carrying on union business outside membership and executive meetings, warranting expulsion. This matter need not be decided here. To be sure, it was a doubtful question, susceptible of differing views. Yet the evidence is conclusive that plaintiff, the union membership and officials regarded plaintiff's conduct as being in violation of that restriction. That interpretation even if erroneous is an insufficient basis for a damage suit. Actions for damages, based upon erroneous court orders deciding doubtful questions of law, are not maintainable. (*Fischer* v. *Langbein*, 103 N. Y. 84, 94.) Certainly, actions for damages based on erroneous decisions of trade unions, deciding doubtful questions of violation of union rules, should likewise be disallowed. This is especially true where plaintiff assented to such decision.

Moreover, plaintiff's failure to present any defense and his plea of guilty at both the board and membership meetings amounts to an effective waiver of any defense upon this trial. He may not now say that there was an absence of probable cause for his expulsion. A case very much in point is *Havens* v. *King* (221 App. Div. 475; affd., 250 N. Y. 617). The union itself is the proper forum and the plaintiff should have exhausted his remedies there in the first instance. That forum was available to him and he was free to use it as well as its regulations had he properly sought to do so. (*Wilcox* v. *Royal Arcanum*, 210 N. Y. 370, 376.) Section 13 of the General Associations Law is available for damage suits against unions providing it be shown that the erroneous union decision was accompanied by bad faith on the part of the members of the unincorporated association. (*Havens* v. *King, supra; Schouten* v. *Alpine*, 215 N. Y. 225; *McCabe* v. *Goodfellow*, 133 id. 89; *People ex rel. Solomon* v. *Brotherhood of Painters*, 218 id. 115.) To review the decisions of such a body, the cause of expulsion must be trivial or unimportant, its committees corrupt or capricious, or proof furnished of a failure to administer honestly and fairly the matter under its own rules. (*Lafond* v. *Deems*, 81 N. Y. 507.) The evidence in the case fails to disclose such facts.

Plaintiff relies upon the case of *Angrisani* v. *Stearn* (167 Misc. 728; affd., 255 App. Div. 975). That case is not in point. The charge there was that the member stood ready to testify against

his union, manifestly not only his privilege, but his duty. This plaintiff, however, was prepared to financially assist an expelled member in a proposed action against his union, certainly not his duty. Again, in the *Angrisani* case, the member denied his guilt and stood trial.

The courts, in view of the decision in *United Mine Workers* v. *Coronado Co.* (259 U. S. 344), and the enactment in this State of the General Associations Law, section 13, authorizing damage suits against unions, should be ever watchful that unions be not subjected, unnecessarily, to damage actions at law. Indeed, they should jealously confine such actions to active, knowing misconduct on the part of the union membership, as a necessary prerequisite to establishing union liability. Defendant is entitled to judgment dismissing the complaint.