WHITE STAR BUS LINE, INC., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 370. Argued April 6, 1942.—Decided April 29, 1942.

*F. Fernández Cuyar* for petitioner. *José L. Novas* and *V. Brunet* for intervener, claimant before the Industrial Commission.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In this case the only question involved is whether the District Court of San Juan has jurisdiction to take cognizance of a proceeding instituted to review an order rendered by the Industrial Commission in a proceeding, which, although commenced under Act No. 85 of 1928 (Laws of 1928, p. 630), authorizing such review by the district court, was decided by that body after the going into effect of Act No. 45 of 1935 (Laws of 1935, p. 250), which provides that such a proceeding for review must be instituted in the Supreme Court of Puerto Rico. The District Court of San Juan disclaimed jurisdiction to entertain said proceeding, and the petitioner has applied for a writ of mandamus commanding it to assume jurisdiction of the case.

The petitioner bases its claim that the District Court of San Juan has jurisdiction, on §34 of Act No. 45 of 1935, *supra,* which contains the following saving clause:

"Section 34.—The provisions of this Act shall in no way affect pending litigations or claims relative to workmen's compensation under previous laws. The procedure followed in such litigations or claims, until their termination, shall be in accordance with the laws in force on the date of the accident, and the workmen shall be entitled to such sum of money as may be prescribed by said laws."

It is a general rule that a procedural statute shall be given a retrospective effect, unless it appears that the legislature intended it should operate prospectively only. *Zayas Pizarro* v. *Molina,* 50 P.R.R. 619, and cases therein cited. Hence, in the case at bar the problem reduces itself to a determination of the scope of the said saving clause.

The question raised is not new in this jurisdiction, for in *Texas Co., Inc.* v. *Treasurer,* 52 P.R.R. 637, we construed §34, *supra,* as follows:

"At first sight the contention of the appellant is not lacking in force but if one concentrates on what is provided in the last part of the Section, to wit, 'and the workmen shall be entitled to such sum of money as may be prescribed by said laws,' it will be seen that the purpose of the law was none other, as the appellee maintains, than to preserve the rights of workmen with respect to compensation, and not to oppose the well-established rule that procedural laws are immediately applicable.

" 'It is a principle of Spanish law recognized by the jurisprudence of the highest courts of the Union,' said this Court in *American Railroad Co. of P. R.* v. *Hernández,* 8 P.R.R. 492, 496, 'that laws governing jurisdiction and procedure are matters of public interest and have a retroactive effect, that is to say, they are not considered as of a retroactive character, in such a sense that they are included in the provisions of Section 3 of the Civil Code.'

"As it is stated in 59 Corpus Juris 1173, in summing up the authorities, ' . . . The general rule that statutes will be construed to be prospective only and not retrospective or retroactive ordinarily does not apply to statutes affecting remedy or procedure, or as is otherwise stated, such general rule is subject to an exception in the case of a statute relating to remedies or procedure.' "

A similar saving clause contained in §48 of Act No. 85 of 1928 was also construed by this court in the same way in *Pagán* v. *Industrial Commission,* 45 P.R.R. 310, where it was said: ". . . . this saving clause does not militate against a change in the procedure to be followed. It merely keeps alive a person's right to recover compensation or damages, as the case may be."

Moreover, as a general rule such saving clauses should be strictly construed. Accordingly, in 59 C.J. 1193, it is said:

"A common provision is that the repeal of a statute shall not affect actions or suits commenced or proceeding pending under it at the time the repeal takes effect. Under such a saving provision the repeal of a statute pending an action or legal proceeding commenced under it does not abate such action or proceeding. The rights of the parties thereto are preserved; the case will be decided in accordance with the old law; the proceedings which have already

occurred are not affected, and the form of action also will remain unchanged, but the further procedure, so far as possible, must be in conformity with that prescribed by the new law.''

In *Demarse* v. *Bruckman*, 298 N.Y.S. 736, there was construed a saving clause which read as follows:

'' 'Unless otherwise specially provided by law, all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed.' ''

The language of the foregoing clause would seem to indicate that the same has reference to the procedure as well as to the substantive rights of the parties. Yet, the Supreme Court of Wayne County held, regarding said clause, that:

''It refers to actions or proceedings involving rights created by statutory law of a substantive nature. . . . The repeal referred to is of statutes from which the rights emanate which are involved in the pending actions or proceedings, and the section has no application to mere changes in procedure. (Citing authorities).'' Page 739.

Our construction of §34, *supra*, in *Texas Co. Inc.* v. *Treasurer, supra*, must be confirmed because it tends, besides, to simplify and render uniform the proceedings to review the decisions of the Industrial Commission of Puerto Rico. It would not be fair or equitable that, simply because that body has been unable to determine all the cases pending before it which were commenced under the provisions of prior Puerto Rican statutes relating to workmen's compensation accidents, the proceedings for review of the decisions of the commission should be taken in some cases before district courts, and in others before this court, inasmuch as the review by district courts, under the statutes prior to 1935, was not limited to errors of law incurred by the commission but said courts were empowered to review the facts of the

case, *White Star Bus Line* v. *District Court,* 41 P.R.R. 527, 810; whereas, under the new act, the review by this court is confined exclusively to questions of law, or the weighing of expert evidence. Section 11, as amended by Act No. 121 of 1940 (Laws of 1940, p. 728).

Any doubt that might arise in the construction of said saving clause must yield to the public policy as expressed by the Legislature in establishing a new procedure for review to be applied to all cases.

The petition must be denied and the peremptory writ refused.