OPINION OF THE COURT
Robert P. Kennedy, J.
Defendant, indicted on February 27, 1976 for the crimes of robbery in the first degree, burglary in the second degree and grand larceny in the third degree, was convicted after trial held in his absence and was sentenced thereon. On appeal {People v Weathers, 94 AD2d 964) that court found that defendant had not knowingly and voluntarily waived his presence at the trial, reversed the conviction and granted a new trial.
Defendant now, with the consent of the District Attorney, wishes to enter a plea of guilty to the crime of attempted burglary in the second degree in satisfaction of the indictment. The issues here are, is such a plea authorized and, if so, which sentencing provisions control.
CPL 220.10 as it now is does not authorize the court to accept the plea offered here, a class D felony. That section (CPL 220.10, subd 5, par [d], cl [i]) states that a plea to an indictment charging a class B violent felony offense which is also an armed felony offense must at least be a plea to a class C violent felony offense. Which law applies to the facts of this case? The law as it was in 1976 or as it is now?
*32 In 1976 there were no “violent felony offenses” or “armed felony offenses”. In 1976, CPL 220.10 did not contain the limitations or restrictions on pleas as it now does. In 1976, the mandatory sentences to imprisonment as now exist were not part of our law. For a class C violent felony, the only plea now authorized by CPL 220.10, the sentence must be an indeterminate sentence having a maximum of at least áVz years and not more than 15 years, with a minimum of one third of the maximum sentence imposed. In 1976 the sentence for a class D felony could run from probation to a maximum of seven years with a minimum of one year except under certain circumstances, the court set the minimum at not more than one third of the maximum imposed.
CPL 1.10 (subd 2) states, “The provisions of this chapter apply to (a) all criminal actions and proceedings commenced prior to the effective date [Sept. 1, 1977] thereof but still pending on such date, and (b) all appeals and other post-judgment proceedings commenced upon or after such effective date which relate or attach to criminal actions and proceedings commenced or concluded prior to such effective date [Sept. 1, 1977]; provided that, if application of such provisions in any particular case would not be feasible or would work injustice, the provisions of the code of criminal procedure [repealed] apply thereto.”
Subdivision 3 of section 5.05 of the Penal Law reads, “The provisions of this chapter do not apply to or govern the construction of and punishment for any offense committed prior to the effective date of this chapter, or the construction and application of any defense to a prosecution for such an offense. Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this chapter had not been enacted.” The application of this section is not limited only to offenses which were committed prior to the adoption of the revised Penal Law but also applies to those which occurred subsequently to its adoption but prior to any amendments thereof.
In view of all of the foregoing, I find and hold that it would work an injustice to hold that CPL 220.10, as it now is, controls. The plea offered here is therefore authorized *33 and defendant shall be sentenced under the provisions of the Penal Law as they were in 1976 (see People v Thompson, 55 AD2d 528; People v Rafter, 89 AD2d 673).