OPINION OF THE COURT
George B. Daniels, J.
Defendant is charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) on docket number 90N040891 and criminal contempt in the second degree (Penal Law *307 § 215.50 [3]) and harassment (Penal Law §240.25 [5]) on docket number 90N045553, for acts alleged to have taken place on May 3,1990 and May 17,1990, respectively.[1]
On August 10, 1990, the day the cases were scheduled for a single Judge trial, the prosecution filed on these two dockets a statement pursuant to CPL 400.14 alleging that the defendant has previously been convicted of a predicate crime and is a second crime offender as defined in that statute.
CPL 400.14 which expired on July 1, 1990 provided a discretionary procedure for the prosecutor to seek to increase the maximum term of imprisonment from six months to one year for defendants previously subjected to a predicate crime conviction.[2]
The Historical Note to CPL 400.14 (McKinney’s Cons Laws of NY, Book 11 A, 1990 Pocket Part, at 57) indicates that " ’This act [adding this section and amending sections 340.40, 400.22 and Penal Law § 70.15] shall take effect on the first day of November next succeeding the date on which it shall have become a law [Aug. 1, 1984] and shall remain in effect until July 1, 1990, at which time the provisions of law amended by this act shall be those existing without such amendments.’ ” (L 1984, ch 673, § 5, as amended by L 1987, ch 727, § 1, L 1988, ch 190, § 1, L 1989, ch 240, § 1, eff July 1, 1989.)
This court must decide whether the filing of the statement pursuant to CPL 400.14 on August 10, 1990, is effective despite the expiration of CPL 400.14 on July 1,1990.
The defendant is charged in both cases with class A misdemeanors for which, at the time of the alleged commission of the offenses, the maximum sentence of imprisonment was six months unless he is found to be a second crime offender pursuant to the procedures in CPL 400.14.
The provisions of law existing prior to the enactment of *308 CPL 400.14, and which took effect after its July 1, 1990 expiration, authorize a one-year sentence and jury trial for all class A misdemeanors. In the absence of second crime offender treatment, this law cannot be applied to pending cases, as it would violate the constitutional prohibition on ex post facto laws. (US Const, art I, § 9 [3]; § 10 [1].)
The People argue that they may file a notice of their intention to proceed against a defendant as a second crime offender even after the repeal of CPL 400.14 on July 1, 1990. They rely primarily on the General Construction Law which attaches a general saving clause to every repealing act not expressly so equipped. Saving clauses preserve preexisting rights or pending proceedings from the effects of the statute’s repeal.
Sections 93 and 94 of the General Construction Law provide:
"§ 93. Effect of repealing statute upon existing rights
"The repeal of a statute or part thereof shall not affect or impair any act done, offense committed or right accruing, accrued or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time such repeal takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if such repeal had not been effected.
"§ 94. Effect of repealing statute upon pending actions and proceedings
"Unless otherwise specially provided by law, all actions and proceedings, civil or criminal, commenced under or by virtue of any provision of a statute so repealed, and pending immediately prior to the taking effect of such repeal, may be prosecuted and defended to final effect in the same manner as they might if such provisions were not so repealed.”
Section 93 refers to vested rights or acts already taken or completed. Section 94 applies to actions and proceedings involving substantive rights created by statutory law and must be read in conjunction with section 93. The repealed statutes referred to are those substantive laws from which the rights to the pending cause of action or proceeding emanate. The section has no application to mere changes in procedure. (Leake v Hartman, 137 App Div 451 [4th Dept 1910], affd 202 NY 605; Matter of Demarse v Bruckman, 164 Misc 331 [Sup Ct, Monroe County 1937].)
The resolution of this issue will turn on (1) whether the People’s right to enhance punishment under CPL 400.14 is a *309 substantive right or merely a procedural right;[3] and (2) whether it is a vested right preserved rather than an inchoate right divested by the statute’s repeal.
After considering the arguments of counsel and reviewing the relevant statutes and available case law, this court concludes that the People’s statutorily created right to enhance punishment is a procedural right not previously asserted and preserved, and therefore does not survive the repeal of the statute which created it. (See, Leake v Hartman, supra, at 452-453 [the right of appeal is not a vested right, and no constitutional right is invaded in taking it away; thus, the repeal of the provision in the statute providing for a new trial was a mere change in procedure and the right to a new trial was not preserved by the Statutory Construction Law]; Demarse v Bruckman, supra, at 333-334 [General Construction Law §§ 93 and 94 do not apply to mere changes in procedure; thus, a change in the procedure for review by certiori deemed to apply to pending proceedings]; People v Glowa, 87 Misc 2d 471, 474 [Sup Ct, Kings County 1976] [a defendant has no vested right in the Statute of Limitations existing at the time of his alleged act and, until the Statute of Limitations has run, the Legislature has the power to alter it without offending any rights of the accused].)
The People’s right to enhance punishment for second offenders emanated from a procedural statute, the Criminal Procedure Law. CPL 400.14 is entitled "Definition and procedure for determining whether defendant is a second crime offender”. The process by which a defendant was prosecuted as a second crime offender, and thus subject to a possible one-year sentence, was not automatic, but required first that the People affirmatively comply with the procedure described in CPL 400.14 (4). The decision to obtain enhanced punishment was solely within the discretion of the prosecutor. It was clearly a privilege which the Legislature intended would be denied if not timely acted upon. The People were expressly required to act pursuant to CPL 400.14 prior to trial or guilty plea. It is also logical that they are required to act prior to the repeal of the procedural statute under which they seek to create and impose certain rights and liabilities.
*310 Thus, the opportunity to exercise this procedural, rather than substantive, right expired on July 1, 1990. The right to enhance punishment was an inchoate right and not a vested right. Having failed to act in face of the procedural statute’s impending expiration, no rights were preserved which they may now seek to enforce. In this case, the People did not file the required statement until August 10, 1990, the date of the scheduled single Judge trial, despite numerous previous court appearances in the months both prior and subsequent to July 1, 1990. As the People took no measures to preserve their right prior to July 1, 1990, they cannot now utilize this expired provision of the law. The maximum authorized sentence of imprisonment therefore remains at six months.
The defendant further argues that he is still entitled to a jury trial because a jury trial is now available to all defendants charged with any class A misdemeanor committed after July 1, 1990, since the maximum sentence for those crimes is one year. However, CPL 340.40 (2) provides that "in the New York city criminal court * * * the trial of an information which charges a misdemeanor for which the authorized term of imprisonment is not more than six months must be a single judge trial.” Since this defendant is charged in an information which still charges a crime for which the authorized maximum term of imprisonment is six months, the trial must be a single Judge trial. The Legislature clearly intended that under both the amended and unamended statutes a jury trial would only be available when that particular defendant was exposed to a possible sentence of over six months.

. Defendant is also charged on two additional dockets with violating the conditions of his sentences of conditional discharge following his pleas of guilty to criminal contempt in the second degree (Penal Law §215.50) on March 5,1990 and criminal trespass in the second degree on June 23, 1989.

. One of the effects of the 1984 amendments to Penal Law §70.15 (1) and CPL 340.40 (2); 400.14 and 400.22 (known as the Misdemeanor Trial Law) was the authorization of a reduced six-month sentence for certain class A misdemeanors, with provision for enhanced punishment (to one year) for defendants previously subjected to a predicate crime conviction. The procedural mechanism by which the prosecution could elect to proceed against the defendant as a second crime offender was by filing a statement, prior to the commencement of trial or entry of a plea of guilty, setting forth the date and place of each alleged predicate crime conviction. (CPL 400.14 [4].)

. This analysis is not inconsistent with CPL 1.10 (2) which states that the provisions of the CPL apply to all criminal actions and proceedings commenced prior to the effective date (July 1, 1990) thereof but still pending on such date. (See, People v Weathers, 121 Misc 2d 31 [Sup Ct, Monroe County 1983].)