THOMAS ANGRISANI, Plaintiff, *v.* CHARLES STEARN, as Treasurer of Brooklyn Local No. 33, Kings County, New York, International Alliance Bill Posters and Billers of the United States and Canada, a Voluntary Association of More Than Seven Persons, Defendant.

Supreme Court, Special Term, Kings County, February 15, 1938.

*Samuel M. Birnbaum*, for the plaintiff.

*M. Murray Simon*, for the defendant.

Dodd, J.   The plaintiff was a member of the defendant union. He had some complaint against certain officers of the union relating to the retention of a percentage of his wages on a certain job.   At a regular meeting of the union held on May 25, 1936, a resolution was adopted to the effect that should the plaintiff " bring court action on a writ " before first submitting his grievance to the local and international unions he was to be immediately suspended from the local union.   The plaintiff, some time thereafter, began an action against three officers of the local union to recover the percentage of wages alleged to have been deducted and against the union itself to restrain the union and its officers from collecting any further percentage of his wages and from suspending or expelling him.   That action was discontinued, without costs, by stipulation dated December 17, 1936.   At the same time the plaintiff signed an affidavit that no promise had been made to him by the defendant individuals or the defendant union and that he regretted the institution of the action and the expenses entailed thereby.   He also executed a general release to the said three officers and the acting president of the union.   The next event was the receipt by the plaintiff of a letter from the local union, dated December 28, 1936, notifying him to appear before the executive board of the local union on January 2, 1937, " to answer charges made against you by Local 33."   He appeared and was accused of violating article 5, section 13, of the by-laws, which reads as follows: " Members who carried on any business of this union outside of meetings or executive board rooms are violating their obligation of this union and can be expelled."   The following written charge was read to him: " I, George Seyfried, charge Thomas Angrisani as being unfit to remain a member of our union and I ask as a member that he be expelled for violating the business of our union and bringing unjustly a law suit against the union."   The plaintiff denied the charge but admitted bringing the action.   The executive board recommended his expulsion and at a general meeting of the union, held the next day, he was expelled.   On January 15, 1937, the plaintiff signed several statements regarding the connection of other members of the union with the bringing of that action.   One of these was Arthur Angrisani, his brother.   He testified that he made such statements because the business agent told him that his reinstatement would thus be aided.   Later, he was notified to appear before

the executive board on February 2, 1937, which he did. At that time, the executive board told him that if he paid $800, which were claimed to be the expenses of the action, he might have a retrial. The plaintiff did not comply with this condition and the executive board denied him a retrial.

In the instant action, the plaintiff seeks reinstatement together with damages for the loss of wages from the date of his expulsion until the granting of a temporary injunction which is still in effect. In the main, he urges that the alleged offense of bringing an action is not a ground for expulsion under the constitution and by-laws of the union; also, that the proceedings taken against him were irregular and not in accordance with the procedure as set forth in the constitution and by-laws.

Upon the testimony I find that the sole reason for the expulsion of the plaintiff was the bringing of the suit in 1936. Nothing in the constitution and by-laws of the local union prohibits the bringing of an action by a member. Certainly, article 5, section 13, of the by-laws cannot be construed as such, and this is the specific section which he was charged to have violated. In the ordinary acceptation of the meaning of the words, to bring an action is not to carry on any business of the union outside of meetings or executive board rooms. The plaintiff had every right to bring an action, even though he might not have been able to sustain it. In view of this finding, it is unnecessary to go into the question of whether or not the proper procedure was followed.

With respect to the contention that the plaintiff has no property rights in the assets of the local union, the charter of the local union, introduced in evidence by the defendant, which charter was granted by the International Alliance, specifically reads: " And should the said Brooklyn, New York, Local Union be dissolved, or forfeit this Charter, then all property, books, papers and moneys shall become the property of the Alliance." Only in either of these two contingencies would the International Alliance acquire title to the assets of this local union.

Judgment for the plaintiff for the relief demanded in the complaint, without costs. Submit findings and judgment on notice.