Arthur Angrisani, Plaintiff, *v.* Charles Stearn, as Treasurer of Brooklyn Local No. 33, Kings County, New York, International Alliance Bill Posters and Billers of the United States and Canada, a Voluntary Association of More Than Seven Persons, Defendant.

Supreme Court, Special Term, Kings County, February 15, 1938.

*Samuel M. Birnbaum*, for the plaintiff.

*M. Murray Simon*, for the defendant.

Dodd, J. The plaintiff was fined and suspended for six months by the defendant union for an alleged violation of article 5, section 13, of the by-laws of the local union, which reads as follows: " Members who carried on any business of this union outside of meetings or executive board rooms are violating their obligation of this union and can be expelled."

The charge was based on the following written statement made by his brother, Thomas Angrisani, dated January 15, 1937: " I, Thomas Angrisani, hereby make this statement. That Arthur Angrisani, which you all know, he did not keep it a secret that he was against the ten per cent and if he was served with a summons he would be my witness."

The plaintiff received a letter from the local union notifying him to be at a meeting of the executive board on February 6, 1937. When

he appeared on that day he was accused of a violation of the aforesaid section and the said statement of his brother was read to him. He denied having violated the above-quoted section of the by-laws. The executive board found him guilty and recommended his fining and suspension for six months, which recommendation was adopted at a general meeting of the union on the next day.

The weight of the credible testimony establishes that the real basis of the charge was the statement of his brother that the plaintiff herein had said that if he was served with a summons (probably a subpœna was meant), he would be a witness for his brother in the action he was bringing. In the companion action of *Thomas Angrisani* v. *Stearn* (167 Misc. 728) I have held that the bringing of a suit in 1936 did not constitute a violation of the aforesaid section of the by-laws. Much less, could the plaintiff herein be penalized for saying that he would obey a mandate of the court? As in the companion case, I do not think it necessary to rule on whether or not the proceedings were had in conformity with the constitution and by-laws of the local union. The plaintiff possesses rights by virtue of his membership in the union. The title to the assets of the local union does not pass to the International Alliance except in the case of dissolution of the local union or forfeiture of its charter.

Judgment for the plaintiff for the relief demanded in the complaint, without costs. Submit findings and judgment on notice.