JOSEPH G. BROWNE, Appellant, *v.* FENTON G. HIBBETS, as President of Local Union No. 584, Unit No. 3, International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, Respondent, et al., Defendants.

Argued March 9, 1943; decided April 15, 1943.

*John F. X. Browne* for appellant.

*Samuel J. Cohen* for respondent.

FINCH, J. Whether plaintiff, expelled from a labor union and not being able to obtain a hearing upon his appeal within a reasonable time, may resort to the courts for redress, despite the defense that he has not exhausted his remedies within the union, is the primary question presented by this appeal.

Plaintiff had been employed for ten years as a milk route salesman by the Sheffield Farms Company, Inc. On September 29, 1939, the executive board of his local union found plaintiff guilty of refusing to participate in a labor parade and of advising others to disregard the orders of the executive board contrary to the provisions of section 91, article 3 of the International By-Laws. This section provides that anyone found guilty of violating its provisions "may, upon conviction, be punished by reprimand, fine, suspension or expulsion." A fine of fifty dollars was imposed by the board, and the chairman of the board informed plaintiff that the fine had to be paid within thirty days.

On October 14th, pursuant to the provisions of section 4 of the International Constitution and By-laws, plaintiff appealed to Joint Council No. 16 from the decision of the executive board of the Local. Joint Council No. 16 is the superior union organization in New York City, composed of 147 delegates from 21 local unions. In this letter of appeal, plaintiff inquired and said he would assume if he did not hear from the Joint Council to the contrary, that he would not have to pay the fine pending the disposition of the appeal. On October 30th, the thirtieth

day after the imposition of the fine, plaintiff was informed by his employer that he was discharged, effective one week from that date, by reason of the demand of the Local. This demand was contained in a letter from Zeisler, secretary-treasurer of the local union, stating that plaintiff had been expelled from union membership for failure to pay the fifty dollar fine and that, pursuant to its collective bargaining agreement with the union, the company was required to discharge plaintiff. No notice of this demand was given to plaintiff by the Local, and this demand for his discharge, moreover, was made despite the fact that on appeal to the Joint Council, plaintiff could have suffered no worse penalty than affirmance of the fifty dollar fine.

Immediately a letter was sent to the Local on plaintiff's behalf, stating that he had been advised by the employer of his discharge and enclosing a check for fifty dollars in payment of the fine under protest. With this letter was enclosed a copy of the letter of October 14th to the Joint Council, calling its attention to the prior request of plaintiff concerning the necessity for the payment of the fine pending the appeal. The local replied through Zeisler, its secretary-treasurer, that plaintiff had been expelled for failure to pay the fine, the check was returned, and the letter added, "There is nothing further we can do in the matter." At the same time that the above letter was sent to the Local, another letter was written to the Joint Council on plaintiff's behalf, complaining to the latter body about the Local's action in demanding dismissal of plaintiff, and enclosed therein were a copy of the letter to the Local and another copy of the original letter of October 14th. This second letter, like the first, was ignored by the Joint Council.

The shop steward of the Local testified that after the expulsion he suggested to plaintiff that the latter go to union headquarters to make an application for reinstatement, but that plaintiff declined. On the stand plaintiff denied that the shop steward had made this suggestion to him. It further appeared that the relations between these two men were not friendly and that they had had a personal encounter after plaintiff's expulsion.

After his discharge by his employer, plaintiff waited for almost a month in the hope that either the Joint Council or the Local would take some action on his appeal. No action

having been taken, and there having been no indication that any action would ever be taken by the Joint Council, plaintiff, being unable to obtain any information whatever concerning his appeal, commenced this action on December 1st. By this action plaintiff sought to compel his reinstatement as a member of the union, to require his employer to rehire him, to recover damages for his expulsion, and to vacate proceedings before the executive board of the union which found him guilty of anti-union conduct. In his complaint plaintiff alleged that the Joint Council had arbitrarily refused to hear his appeal or take any action with respect thereto, and, as confirming the neglect by the Joint Council of the appeal of plaintiff, further alleged in his complaint that the Joint Council had also arbitrarily refused to take any action on numerous other appeals from decisions of the Local which had been pending before the Joint Council for as long as six months, and, on information and belief, that the Joint Council would continue to refuse to take any action on his appeal and that, therefore, he had no adequate remedy within the union. In this connection, it was admitted on the trial by the acting secretary of the Joint Council that no appeals whatever had been heard for at least ten months prior to that time, although appeals had been pending before the Joint Council undisposed of for at least nine months.

Special Term granted judgment directing the reinstatement of plaintiff in the Local and directing the latter to withdraw its demand on the employer for his discharge, and further directing the Joint Council to hear the appeal which plaintiff had taken from the decision of the local executive board. Special Term, however, dismissed the complaint in so far as it sought damages for wrongful expulsion and the annulment of the proceedings before the trial board. Plaintiff appealed to the Appellate Division from that part of the judgment which dismissed his complaint as to damages and denied vacation of the proceedings before the executive board. The defendant Local cross-appealed from that part of the judgment which granted relief to plaintiff. Defendant Joint Council did not appeal from that part of the judgment which directed it to hear the appeal of plaintiff from the decision of the Local or from any other part of said judgment. The employer, defendant Sheffield Farms, Inc., did not appeal.

The Appellate Division holding that plaintiff had failed to exhaust his remedies within the union prior to the commencement of this action, and that the union had at all times acted in good faith, reversed the judgment of the Special Term on the facts and the law to the extent that it had granted relief to plaintiff and dismissed the complaint on the law. Plaintiff took an appeal to this court from each and every part of the judgment entered on the order of the Appellate Division, but now abandons the appeal from that part of the judgment which dismissed the complaint in so far as it sought a determination vacating the proceedings before the local executive board.

There are three questions to be determined upon this appeal, *first,* whether plaintiff's expulsion was wrongful, *second,* if his expulsion was wrongful whether he exhausted his remedies within the union before appealing to the courts, and *third,* whether he is entitled to damages for expulsion from union membership.

It would seem clear that plaintiff's expulsion from the union was unlawful. Plaintiff's expulsion was based upon his non-payment of fine within thirty days. However, article 7, section 1, of the Local By-laws expressly provides: " All fines and assessments to be classed as dues " and section 2 of the same article provides in effect that a member may not be expelled for nonpayment of dues unless he has been in arrears for three months and then only after two weeks' notification from the union. Defendant Local contends that the aforesaid provisions of the By-laws were not intended to tie the union's hands in the imposition of fines, but were designed to set a time limit for the payment of fines only where no other time limit was imposed by the executive board. So narrow a construction of these provisions would not, however, seem to be warranted by the broad language employed therein. These provisions are expressly made applicable to " all fines and assessments." The broad language of article 4, section 1 of the Local By-laws, conferring in general terms upon the executive board the power to dispose of charges against any member of the local union, must be read in connection with the more specific provisions of article 7, sections 1 and 2, limiting the power of the executive board with reference to the imposition of fines. The obvious purpose was to protect from expulsion union members who had incurred fines for small offenses not warranting expulsion and whose

financial ability to pay was not equal to any expense out of the ordinary. Plaintiff was expelled from the union for non-payment of a comparatively small fine which apparently he was ready to pay if necessary before the appeal was heard. He not only did not receive two weeks' notification, but no notification at all and this despite the fact that three months had not expired from the time of the imposition of the fine. Under these circumstances his expulsion was in disregard of the By-laws and hence unlawful.

We are thus brought to the consideration of the main question involved, that is, whether plaintiff, having been unlawfully expelled, has exhausted his *remedies* within the union so that he is now free to resort to the courts in order to obtain reinstatement. (*Havens* v. *King,* 221 App. Div. 475, affd. 250 N. Y. 617.) A brief review of the facts sufficiently demonstrates that plaintiff used all reasonable means to obtain redress from the union organization before resorting to the courts. From the action of the executive board imposing the fifty dollar fine upon him, plaintiff took an appeal to the Joint Council pursuant to section 4 of the International Constitution and By-laws. No action was taken upon this appeal and the evidence discloses, apparently without contradiction, that the Joint Council was remiss in acting promptly upon appeals of this kind although clearly under the International Constitution and By-laws it had an obligation to act with reasonable promptness. Before the time allowed by the By-laws for payment of the fine, plaintiff found himself wrongfully expelled from union membership and within a week thereafter deprived of his means of livelihood. He complained to the Joint Council about this unlawful action of the Local but again there was no response from the appellate body. After waiting for a reasonable length of time and still receiving no word from the Joint Council, and having no means of compelling that body to take action upon his case, he concluded properly that his means of redress within the union organization were at an end, and instituted the present action.

It is now contended by the defendant Local that plaintiff had a further right to appeal to the union membership from his expulsion pursuant to article 7 of the Local Constitution and By-laws. There is testimony by the shop steward of the Local that, after plaintiff's expulsion, he urged the latter to

seek reinstatement. Plaintiff denied that the shop steward had made this suggestion and his denial is entitled to weight in view of the fact that he had a physical encounter with the shop steward so that the latter inferably entertained feelings of animosity toward plaintiff. At any rate, plaintiff's right to appeal to the union membership as a whole would not have been an adequate remedy because, so far as appears from the evidence in the case at bar, reinstatement by the membership would have left standing against his record his expulsion from the union for failure to pay his fine despite the fact that such expulsion had taken place in violation of the By-laws of the Local. In *People ex rel Deverell* v. *Musical Mutual Protective Union* (118 N. Y. 101, 108) this court held that a union member who had been wrongfully expelled could resort to the courts without taking action under a similar provision for reinstatement because the remedy provided therein was inadequate.

Furthermore, after his expulsion, plaintiff was informed by Zeisler, secretary-treasurer of the Local, that '' There is nothing further we can do in the matter.'' It would seem that this refusal by a union officer justified plaintiff in concluding that his hope of relief from the organization itself was at an end. The obligation imposed upon a union member is no more than to use all reasonable means to make use of the remedies available to him within the union organization before resorting to the courts. But the law does not require a man who has been left without means of subsistence through the wrongful action of the union to make continued futile efforts beyond a reasonable time within which to obtain relief. (*People ex rel. Deverell* v. *Musical Mutual Protective Union, supra.*) Failure of an appellate tribunal to consider within a reasonable time the appeal of a member is the equivalent of no further adequate remedy within the union in the absence of an effective means of appeal to the membership as a whole, and permits an application to the courts by a member who has been expelled. Unless this were so, there would be a denial of the contractual rights conferred by the By-laws upon all the members of the union equally. (*Polin* v. *Kaplan,* 257 N. Y. 277, 281.) Through delay by the appellate board, accompanied by a stoppage of subsistence, a hearing would be effectively denied to the union member, and when the latter attempted to obtain a hearing through the courts, defendant could then set up as a defense

a failure to exhaust remedies within the Local, with the result that a member would be effectively denied any hearing.

It would appear, therefore, that plaintiff, having used every reasonable means within a reasonable time to obtain redress from the union organization, properly resorted to the courts, and, since the proof is clear that his expulsion was a violation of the Local Constitution and By-laws, he is, therefore, entitled to reinstatement. (*Polin* v. *Kaplan, supra.*)

The final question to be considered is whether plaintiff is entitled to damages for loss of wages during the period he has been unemployed as a result of the wrongful action of the Local. Since this is an action brought by plaintiff against the union in the name of its president under section 13 of the General Associations Law, plaintiff's right to recover damages depends upon proof of facts rendering all the members of the association liable for the sum claimed. (*Schouten* v. *Alpine,* 215 N. Y. 225.) In the absence of allegations and proof of fraud or bad faith on the part of the membership as a whole, no recovery of damages may be obtained. (*People ex rel. Solomon* v. *Brotherhood of Painters,* 218 N. Y. 115, 123.) In the case at bar, the Appellate Division has found that defendant union acted in good faith in expelling plaintiff from membership. This finding is certainly not against the weight of evidence and is in accord with the finding at Special Term that this dispute between plaintiff and the Local was the result of misunderstandings. It appears that the Local acted upon the assumption made in good faith, that the executive board had complete freedom in imposing a time limit upon the payment of fines, whereas the Local Constitution and By-laws gives union members a three months' period of grace before expulsion for non-payment of fines. Under such circumstances plaintiff, although entitled to reinstatement, may not claim damages for loss of employment.

It follows that the judgment of the Appellate Division, in so far as it denies plaintiff's prayer for reinstatement, should be reversed and the judgment of Special Term affirmed in so far as it directs plaintiff's reinstatement, and that the Joint Council proceed with the hearing of his appeal upon his deposit of the fifty dollar fine; in all other respects the judgment should be affirmed, with costs to plaintiff in all courts. (See 290 N. Y. 919, 920.)

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.