JOSEPH GLAUBER et al., Respondents, *v.* HERMAN PATOF, as President of Weber & Heilbroner Employees' Benevolent Association, an Unincorporated Association, Consisting of More than Seven Members, Appellant, et al., Defendants.

Submitted June 12, 1945; decided July 19, 1945.

*Seymour Stone* for appellant. I. The action cannot be maintained unless plaintiffs allege and prove that all the members are liable. (*Ostrom* v. *Greene,* 161 N. Y. 353; *McCabe* v. *Goodfellow,* 133 N. Y. 89; *Schouten* v. *Alpine,* 215 N. Y. 225; *Peo. ex rel. Solomon* v. *Brotherhood of Painters,* 218 N. Y. 115; *Browne* v. *Hibbets,* 290 N. Y. 459; *Harriss* v. *Tams,* 258 N. Y. 229; *Hallow* v. *Hallow,* 200 App. Div. 642; *Knapp* v. *Rochester Dog Protective Assn.,* 235 App. Div. 436.) II. There was no discussion or mention made that plaintiffs had been expelled without notice of the charges and without a hearing. III. The burden of establishing bad faith rests upon plaintiffs and in

the absence of proof to indicate that the members knew the law and knew that the expulsion was unlawful, the finding should not have been made that the members acted in bad faith.

*Jerome G. Rosenhaus* for respondents. The association's liability for money damages rests upon a finding that there was bad faith on the part of the membership as a whole in countenancing the respondents' illegal expulsion. (*Angelos* v. *Mesevich,* 289 N. Y. 498.)

*Per Curiam.* There was no support in the evidence for the finding that the general membership of the Weber & Heilbroner Employees' Benevolent Association knew or approved of the irregularity in the expulsion of the plaintiffs or that there was fraud or bad faith on the part of the membership as a whole. In the absence of such evidence, the court was without power to award a recovery of damages as against an unincorporated association. (General Associations Law, §§ 13, 15, 16, 17; *Browne* v. *Hibbets,* 290 N. Y. 459, 467.)

The judgments, so far as appealed from, should be reversed; the fourth and fifth decretal paragraphs should be stricken from the judgment of the Special Term; and the complaint, insofar as it alleges a cause of action for money damages should be dismissed, with costs to appellant in this court.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Judgment accordingly.