■ OTTO SCIVOLETTI et al., Respondents-Appellants, v. SAL LECKIE,
Individually and as President of Bartenders and Hotel and Restaurant Em-
ployees, Local 164, et al., Appellants-Respondents.— In an action to enjoin
defendants, respectively, as president, treasurer and general organizer of a
local union, from refusing to recognize plaintiffs as members in good standing,
and for other relief, the parties cross-appeal from the judgment entered after
trial. Judgment modified on the law and the facts, by adding thereto a
provision dismissing the second and fourth causes of action contained in the
complaint, and by striking therefrom the fourth and fifth decretal paragraphs
awarding money damages to each of the plaintiffs. As so modified, judg-
ment unanimously affirmed, without costs. Findings of fact insofar as they
may be inconsistent herewith are reversed and new findings are made as indi-
cated herein. In our opinion, there was no proof offered before, or accepted
by the Trial Justice in support of the second and fourth causes of action
for the recovery of money damages as a consequence of a conspiracy by the
defendants Leckie and Isaacson to deprive the plaintiffs of their status and
rights as union members. The plaintiffs were not entitled to the recovery
of money damages from the defendant local union as a consequence of their
unlawful deprivation by the individual defendants of their seniority rights
since it was not shown that the general membership participated in the breach
of contract or the tort upon which the plaintiffs predicated their right to
relief (*Martin* v. *Curran,* 303 N. Y. 276, 281–282; *Browne* v. *Hibbets,* 290
N. Y. 459; *Glauber* v. *Patof,* 294 N. Y. 583), or that some fraud, misconduct
or bad faith on the part of the membership as a whole resulted in pecuniary
injury to the plaintiffs (*Havens* v. *King,* 221 App. Div. 475, 481–482, affd.
250 N. Y. 617; *Schmidt* v. *Rosenberg,* 49 N. Y. S. 2d 364, affd. 269 App.
Div. 685). In the absence of rebuttal proof by the defendants, who rested
at the end of the plaintiffs' case, and in view of their refusal to produce the
bargaining agreement with the plaintiffs' employer and their position that
secondary evidence be offered with respect thereto, the Trial Justice was
free to credit plaintiffs' version of a closed-shop agreement and procedure
which allowed none but union members assigned by the individual defendants
Leckie and Isaacson to work for the employer. He was also free to credit
plaintiffs' unrebutted explanation of their seniority rights in their jobs and
of the curtailment thereof by the defendant Isaacson, and to conclude that

a formal procedure by plaintiffs to override Isaacson's fiat would be a futile effort which the law does not require a union member to pursue (*Browne* v. *Hibbets,* 290 N. Y. 459, 466, *supra*; 87 C. J. S., Trade Unions, § 38; *Madden* v. *Atkins,* 4 A D 2d 1). Present — Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ.