Desmond, J.
(concurring). I agree in general with the result recommended by Judge Fuld and agree, generally, in his reasons therefor. However, because of the wide reach of this decision as a precedent, I think it proper to state affirmatively my views on several propositions which are not spelled out in the majority opinion.
First, I assume that we are not disturbing the rule of law which says that the expulsion of a member from such an association after a trial on notice cannot be re-examined on the merits by the courts but must stand unless the record is so bare of evidence to sustain the decision on any recognized ground as to show the association’s decision to be contrary to natural justice, purely arbitrary and one that no honest mind could adopt (Wilcox v. Royal Arcanum, 210 N. Y. 370, 376; People ex rel. Johnson v. Produce Exch., 149 N. Y. 401, 414; Young v. Eames, *298 78 App. Div. 229, 241, affd. 181 N. Y. 542; Simpson v. Grand International Brotherhood, 83 W. Va. 355; as to grounds and quantum of proof for expulsion see People ex rel. Bartlett v. Medical Soc. of Erie County, 32 N. Y. 187, 194; Polin v. Kaplan, 257 N. Y. 277, 283). I, therefore, understand our holding here to be that as matter of law there was no valid reason for the expulsion of these plaintiffs.
Again, I understand the references in the majority opinion to Martin v. Curran (303 N. Y. 276) and Glauber v. Patof (294 N. Y. 583) to mean this: that when an unlawful expulsion has been voted by the membership at a regularly called meeting, it will be considered to be the act of the union so as to sustain a judgment against the union, even though there'has not otherwise been any formal authorization or ratification by all the members.
Next, I would note, although it is probably unnecessary, that nothing we are deciding here has any direct bearing on the liability, if any, and the defenses, if any, of individual members of an association against whom, under section 18 of the General Associations Law and because of inability to collect a money judgment from an association, a separate suit or suits might be brought.
Finally, I cannot understand why defendant Atkins, who is sued individually as well as an officer, is not being held individually liable for plaintiffs’ damages. It is impossible on this record to find that the expulsion was a lawless and arbitrary act of the union without at the same time imposing individual liability therefor on the person whose unlawful acts are being imputed to the whole membership.
Accordingly, I, too, vote to reverse and remit for appropriate further proceedings.
Chief Judge Conway and Judges Dye, Van Voorhis and Burke concur with Judge Fuld ; Judge Desmond concurs in result in a separate opinion; Judge Froessel taking no part.
Judgment modified and matter remitted to Special Term for further proceedings in accordance with the opinion herein and, as so modified, affirmed, with costs to the plaintiffs.