JOSEPH H. SAINT et al., Respondents, v. GREGORY POPE, Individually and as President of the Inspection Unit, Local 516, U. A. W.–C. I. O.–A. F. of L., Appellant.

Fourth Department, January 5, 1961.

*Lipsitz, Green, Fahringer & Fleming (Richard Lipsitz* of counsel), for appellant.

*Owens, Turner & Sherman (H. Jaruis Turner* of counsel), for respondents.

GOLDMAN, J. This appeal presents a twofold question as to (1) whether individual union members who are seeking damages from their union for lost wages because of the union's alleged failure to prosecute grievances have alleged a cause of action against their labor union, an unincorporated association, pursuant to section 13 of the General Associations Law where there is no allegation of unanimous ratification by the union and (2) whether the Supreme Court has jurisdiction of the subject matter of such a cause of action where the ultimate facts of exhaustion of administrative remedies are not alleged. Because the appeal is from that portion of an order which denied dismissal of the complaint pursuant to rules 106 and 107 of the Rules of Civil Practice, the question is whether, admitting all of

the facts alleged, any cause of action whatever has been stated. The pleading must be given the benefit of the most favorable inferences which may be drawn from the facts pleaded. (*Kalmanash* v. *Smith*, 291 N. Y. 142, 153; *Auerbach* v. *Maryland Cas. Co.*, 236 N. Y. 247.)

The plaintiffs are members of Inspection Unit, Local 516, of the United Auto, Aircraft and Agricultural Implement Workers, which had entered into a collective bargaining agreement with Bell Aircraft Corporation covering certain employees in plants in Erie and Niagara Counties. The plaintiffs were elected stewards of the local for two years on July 1, 1957. In December of 1958 and January of 1959, the plaintiffs were notified by Bell Aircraft that they had been discharged. They promptly filed grievances. They also instituted an action against Bell Aircraft and an order enjoining them from prosecuting that action has been unanimously affirmed by this court. (*Saint* v. *Bell Aircraft Corp.*, 12 A D 2d 871.) Subsequent to the action against their employer, plaintiffs instituted the instant action against the union, contending that under section 73 of the bargaining agreement they, as stewards, were entitled to retain seniority for a period of six months.

The pertinent clause in the collective bargaining agreement which allegedly was misinterpreted is as follows: "If a reduction in force necessitates a reduction in the number of Union Stewards, those Stewards eliminated will retain ranking seniority in their classification for the purpose of layoff for a period of six (6) months following the Union's correction or the remainder of their term for which they were elected, whichever is lesser."

The plaintiffs complain that they made persistent demands upon the union to pursue their grievances and that the union neglected to defend diligently their contractual rights to "six month super seniority". They further complain that, without consulting the individual plaintiffs, the union accepted and consented to an interpretation of section 73 different from their understanding of the section, and refused to pursue the matter to arbitration, but improperly submitted the question to the membership of Local 516 at a meeting attended by a substantial portion of the membership and that the meeting confirmed the union's action.

The defendant union asserts, in an affidavit signed by its international representative, that the plaintiffs have never availed themselves of any of the procedures contained in the constitution of the parent union, the U. A. W., to appeal from the decision of the membership of Local 516 and that plaintiffs

have never placed any charges against any of the officers of the local or its inspection unit. Furthermore, the union submits that the procedures of the constitution allow appeal to the international union or a public review board and that these have never been resorted to by the plaintiffs.

Special Term in denying the motion to dismiss relied on the following principle asserted in *Polin* v. *Kaplan* (257 N. Y. 277, 281, 282): " The constitution and by-laws of an unincorporated association express the terms of a contract which define the privileges secured and the duties assumed by those who have become members. \* \* \* This is not to say, however, that a court will decline to interfere, if an expulsion has been decreed for acts not constituting violations of the constitution and by-laws, and not made expellable offenses thereby, either by terms expressed or implied." Special Term reasoned that " The act by the union complained of, i.e., interpretation of § 73 of the collective bargaining agreement entered into April 5, 1957, may well be a violation of the constitution and by-laws of the union. Thus, the plaintiffs may have a cause of action." Actually, if the action complained of violated the constitution, then the *Polin* case required the plaintiffs to exhaust their remedies within the union before they may appeal to the courts.

The defendant being a voluntary unincorporated association the question arises whether an action may be maintained only if the cause of action is provable against each and every member of the association. This question was answered in the affirmative in *Martin* v. *Curran* (303 N. Y. 276) where the complaint against officers in their representative capacity for damages arising from libels published in defendant's newspaper was dismissed because it was not shown that the libel was authorized by the members of the union. At common law, in suits against voluntary unincorporated associations on an alleged association liability, all the members of the association were necessary parties defendant. The members could not be sued through their officers. By statute in 1849 (ch. 258) and 1851 (ch. 455) such associations were allowed to be sued by naming as defendants the officers and by serving them only. Section 13 of the General Associations Law permits an action or special proceeding against the president or treasurer of an association if the plaintiff might maintain an action or special proceeding against all the associates. That it created no new substantive rights or liabilities was clearly stated by Judge DESMOND (now Chief Judge) in *Martin* v. *Curran* (*supra*) in the following at page 281: " That privilege was conferred by the Legislature on plaintiffs for their ' convenience ' (*McCabe* v. *Goodfellow* [133 N. Y.

89], *supra*, p. 92), and created no new substantive right or liability (see *Tibbets* v. *Blood*, 21 Barb. 650; *Corning* v. *Greene*, 23 Barb. 33, affd. 26 N. Y. 472, n.) '' and at page 282: '' So, for better or worse, wisely or otherwise, the Legislature has limited such suits against association officers, whether for breaches of agreements or for tortious wrongs, to cases where the individual liability of every single member can be alleged and proven. Despite procedural changes, substantive liability in such cases is still, as it was at common law, ' that of the members severally ' (*Sperry Products, Inc.*, v. *Association of Amer. R. R.*, 132 F. 2d 408, 410, certiorari denied 319 U. S. 744).''

There is one exception to the afore-mentioned general rule. If there is an alleged wrongful expulsion of members of a union, as for example the deck officers in *Madden* v. *Atkins* (4 N Y 2d 283) then a suit may be brought against the officers in their representative capacity for injunctive relief and damages. In the *Madden* case employees were expelled on the ground that they advocated dual unionism. Plaintiffs appealed to the executive board of the union and also to the international executive committee. Despite pleas of hardship in that the plaintiffs could not obtain employment while disaffiliated from the union, the executive board did not act for six months and not until after the plaintiffs had instituted a civil action for restoration of union privileges and damages for wages lost. The Court of Appeals found no support in the record for the charge of dual unionism and held that there was no valid reason for the expulsion of plaintiffs. This was a wrongful expulsion case arising out of a bitterly contested union election and is clearly distinguishable from the instant case. The plaintiffs at bar were not expelled from the union and therefore do not come within the *Madden* rule.

Is the exception to the rule, as enunciated in the wrongful expulsion cases, to be extended to all cases where the union fails to pursue grievances? Do the courts have the authority to sanction a cause of action for damages for lost wages based upon a statute which created no new substantive rights but is procedural in nature and purpose? We find no authority which so holds. (*Martin* v. *Curran*, 303 N. Y. 276, *supra*.)

The gravamen of the wrongful expulsion cases is that the union is to be held accountable in damages for what amounts to a breach of contract if it acts outside and beyond its authority by expelling members for offenses not made expellable by the constitution and by-laws. (*Polin* v. *Kaplan*, 257 N. Y. 277, *supra*.) However, this precedent established by the wrongful expulsion cases is entirely inapplicable to the instant case. What

these plaintiffs allege is that the union officials failed to pursue their grievances against their employer and that the union membership ratified the action of its officers. They attempt to spell out a cause of action for lost wages as a result of union failure to process grievances but they are using a procedural statute as a device to create a substantive right.

The wrongful expulsion cases involve a patent breach of contract. If the union constitution plainly recites that particular acts violate the constitution and a member is to be expelled for such an act, and, thereafter, he is expelled for an offense not stated as a violation in the constitution, he has, of course, been arbitrarily expelled. This situation has no analogy to the instant situation where a union decides that members do not have seniority and as a result they lose their jobs. Before it can be determined whether there has been a breach of contract by the union in so deciding, it must be determined what the contract provides.

The cases relied on by the respondents do not support their position. The respondents maintain that their inherent right to their cause of action has been specifically spelled out in *Parker* v. *Borock* (5 N Y 2d 156). This was a wrongful discharge case and the issue was, as stated by Judge BURKE at page 159: " whether or not the plaintiff may maintain an action against his former employer for wrongful discharge." In the *Parker* case the plaintiffs were discharged by the receiver of the employer. They invoked the grievance procedure of the collective bargaining agreement and the representative of the union and company discussed the discharge but refused to reinstate plaintiffs. Plaintiffs thereupon demanded arbitration from the union and their demand was refused. The Court of Appeals determined that the right of arbitration was granted only to the company and the union and not to the individual employees. Summary judgment was granted to the defendant company. Actually, the whole controversy in the *Parker* case was concerned with the issue as to whether a contract of employment, apparently terminable at will, is modified by a collective bargaining agreement limiting the right to discharge. It was determined that the union member is a beneficiary of such an agreement but that he was bound by the agreement, which provided that an employee could not avail himself of the arbitration procedure because, by its terms, that right was granted only to the union and employer. (See *Matter of Soto* [*Goldman*], 7 N Y 2d 397.) It must be noted further that the *Parker* case did not involve a suit against a union as an unincorporated association pursuant to section 13 of the General Associations Law.

The respondents also rely on *Donato* v. *American Locomotive Co.* (283 App. Div. 410, affd. 306 N. Y. 966). That case clearly demonstrated that the plaintiffs there had enforcible rights under the collective bargaining agreement. The respondents here have mistaken their remedy but they are not remediless. The prevailing opinion in *Donato* indicated the remedies available to them at page 416: "In recent years, however, there has been a growing recognition that the individual employee has enforcible rights of his own under a collective bargaining agreement. Thus it has been held that an individual employee may maintain a direct action for damages as a third-party beneficiary of the contract, where there is no arbitration clause barring such an action (*Hudak* v. *Hornell Inds.*, 304 N. Y. 207; cf. *Ott* v. *Metropolitan Jockey Club,* 282 App. Div. 721, 282 App. Div. 946), and, where arbitration is the exclusive remedy under the contract, the employee may demand arbitration if the union is neglectful of his interests (*Matter of Wile Sons & Co.* [*Messinger*], 199 Misc. 654). Under this view, the employee would clearly have the right, in a case where an arbitration proceeding was instituted by the union, to intervene in the proceeding and to move to vacate the award if the award were an adverse one."

The respondents claim that Judge FULD's language in his concurring opinion in *Parker* sustains their position but it would appear that his concurrence was prompted by his belief that the result of the *Parker* case was dictated as much by policy considerations as by the language of the collective bargaining agreement. It seems that what Judge FULD said in essence was that the union alone has the right to control the prosecution of discharge cases under a collective bargaining agreement providing for submission of unsettled disputes to arbitration, absent any specific language giving the employee the right to act on his own behalf.

The complaint alleges that the union "improperly submitted said question to the entire membership of the international union of Local 516 at a meeting attended by a substantial portion of said membership, said meeting having confirmed the derogation and neglect of the Defendant, its officers, agents and representatives, in failing to pursue to arbitration the issues raised in the complaints of the Plaintiffs by their filing of grievances". The plaintiffs do not urge that this meeting constituted all of the members of the union and could not successfully so contend. The allegation that a "substantial portion of the membership" confirmed the action of the defendant, its agents and representatives, is insufficient to defeat that part of the motion made under rule 106.

. The failure of the respondents to allege that they have exhausted the internal remedies provided for by the union constitution before resorting to the courts is a fatal defect. The constitution of the defendant union specifically sets forth procedure for the handling of grievances. It is unnecessary to enumerate them here but substantial and adequate machinery is provided in the union constitution. An aggrieved member of the union must exhaust these remedies before seeking redress from the courts. *Madden* v. *Atkins* (4 N Y 2d 283, *supra*) states the rule at page 291 as follows: "It is, of course, true that, where timely and adequate relief is provided, an aggrieved member must first exhaust that organization's remedies before seeking redress from a court. (See *Havens* v. *Dodge,* 250 N. Y. 617; *Rubens* v. *Weber,* 237 App. Div. 15, 18–19)."

In *Polin* v. *Kaplan* (257 N. Y. 277, *supra*) plaintiffs brought an action against the officers of a local union to procure restoration to the treasury of union moneys alleged to have been misappropriated. Thereafter, the union presented charges against the plaintiffs, at one of its regular meetings, that the plaintiffs had violated the constitution in bringing an action in the Supreme Court and seeking redress in that court. The charge, among others, was sustained and at a regular meeting the union confirmed the report sustaining the charges and imposed penalties. The plaintiffs then instituted an action to have the proceedings annulled, to procure the plaintiffs' reinstatement and to recover damages. The Court of Appeals again limited the rule to expulsion cases when it said at page 282: " Thus, if the contract reasonably provides that the performance of certain acts will constitute a sufficient cause for the expulsion of a member, and that charges of their performance, with notice to the member, shall be tried before a tribunal set up by the association, the provision is exclusive, and the judgment of the tribunal, rendered after a fair trial, that the member has committed the offenses charged and must be expelled, will not be reviewed by the regularly constituted courts. (*Belton* v. *Hatch,* 104 N. Y. 593; *Matter of Haebler* v. *N. Y. Produce Exchange,* 149 N. Y. 414.) A court ' cannot review the proceedings or re-examine the merit of the expulsion.' (Per MILLER, J., in *Wilcox* v. *Royal Arcanum,* 210 N. Y. 370, 376.) "

The union constitution constituted a contract between plaintiff employees and the defendant union and one of the duties assumed by persons who became members of the union was to resort to the internal remedies to secure redress for grievances. It is well established in this State that the courts will not interfere with the internal affairs of labor unions or review their deter-

minations if fair and complete hearings have been held in accordance with their constitution and by-laws. (*Nilan* v. *Colleran,* 283 N. Y. 84; *Dakchoylous* v. *Ernest,* 282 App. Div. 1101.)

Defendant union urges that section 101 (subd. [a], par. [4]) of the Labor Management Reporting and Disclosure Act of 1959 (U. S. Code, tit. 29, § 411, subd. [a], par. [4]), more commonly known as the Landrum-Griffin Act, governs the relations of the parties and is applicable to the situation at bar. It is not necessary in this appeal to reach a consideration of that statute.

The law controlling the situation at bar is succinctly stated in *Scivoletti* v. *Lechie* (4 A D 2d 773). Here the court in its memorandum stated: '' The plaintiffs were not entitled to the recovery of money damages from the defendant local union as a consequence of their unlawful deprivation by the individual defendants of their seniority rights since it was not shown that the general membership participated in the breach of contract or the tort upon which the plaintiffs predicated their right to relief (*Martin* v. *Curran,* 303 N. Y. 276, 281–282; *Browne* v. *Hibbets,* 290 N. Y. 459; *Glauber* v. *Patof,* 294 N. Y. 583), or that some fraud, misconduct or bad faith on the part of the membership as a whole resulted in pecuniary injury to the plaintiffs (*Havens* v. *King,* 221 App. Div. 475, 481–482, affd. 250 N. Y. 617; *Schmidt* v. *Rosenberg,* 49 N. Y. S. 2d 364, affd. 269 App. Div. 685).''

In sum, plaintiffs' complaint must be dismissed on both grounds urged by the appellant. There is no legislative or decisional authority for the institution of this action by the plaintiffs in the fact situation presented here where no fraud, overreaching, arbitrary or unreasonable action has been alleged. Under these circumstances, the complaint must be dismissed.

All concur, BASTOW, J. P., and HALPERN, J., concur in result in the following memorandum: We do not agree with the grounds of dismissal discussed in the majority opinion but we concur in the dismissal of the complaint solely on the ground (adverted to in the second sentence of the last paragraph of the majority opinion) that the complaint fails to state a cause of action because it fails to allege facts showing that the defendant union had been guilty of any '' fraud, overreaching, arbitrary or unreasonable action '' in the handling of the plaintiffs' grievances.

Present — BASTOW, J. P., GOLDMAN, HALPERN, McCLUSKY and HENRY, JJ.

Order insofar as appealed from reversed, without costs of this appeal to any party and motion granted and complaint dismissed, without costs.