■ Mary Mounteer, Respondent, v Blake Bayly, as President of the Schenectady-Albany-Schoharie BOCES Faculty Association, et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Pennock, J.), entered October 28, 1980 in Albany County, which denied defendants' motion to dismiss the complaint.* During the month of April, 1979, plaintiff, a member of Schenectady-Albany-Schoharie BOCES Faculty Association (association), was a candidate for the office of president of that association. She was not elected. One week after the winner of the election was announced in the association's trade paper, plaintiff attended a representative council meeting

* The complaint in this action for a declaratory judgment and injunctive relief was improperly denominated a petition. We shall refer to the parties as plaintiff and defendants.

and was frustrated in her efforts to learn of the number of ballots cast for each candidate and to inspect the ballots. Thereafter, plaintiff commenced this action wherein she prays for a judgment (1) declaring that the present election procedures of the association are invalid, (2) enjoining the use of present election procedures in future elections, and (3) requiring the association to adopt new by-laws governing the election of officers. Defendants' motion to dismiss the complaint was denied and this appeal ensued. We reverse. A careful reading of the complaint fails to surface any allegation that defendants had been guilty of any fraud, overreaching, or arbitrary or unreasonable action in the conduct of the election for presidency of the association. Further, it has long been the settled law of the State that an action against a voluntary unincorporated association, as here, may be maintained only if the cause of action is provable against each and every member of the association (*Martin v Curran,* 303 NY 276). While unincorporated associations may be sued by naming as defendants only the president or treasurer (General Associations Law, § 13), this convenience of limiting the naming and service of process upon officers rather than upon the entire membership does not create any new substantive rights or liabilities. Liability in such cases is still, as it was at common law, that of the members severally (*Saint v Pope,* 12 AD2d 168, 171-172). Since no such allegations of liability on the part of the membership were made in the complaint, the motion to dismiss the complaint should have been granted. Order reversed, on the law, with costs, and motion to dismiss complaint granted. Mahoney, P. J., Sweeney, Kane, Main and Levine, JJ., concur.