■ JOSEPH HELENIAK, Appellant, v BLUE RIDGE INSURANCE COMPANY, Respondent.—Order unanimously reversed on the law with costs, plaintiff's motion granted, defendant's cross motion denied and judgment declared, in accordance with the following memorandum: Defendant issued a homeowner's insurance policy designating plaintiff Joseph Heleniak as a named insured. The policy provided:

"If a claim is made or a suit is brought against an *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, we will:

"1. pay up to our limit of liability for the damages for which the *insured* is legally liable; and

"2. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent."

Plaintiff was treasurer of "Friends of Gorski", a political committee associated with the campaign of Dennis Gorski for election as Erie County Executive. The parties agree that the committee is an unincorporated association subject to the provisions of the General Associations Law.

While the policy was in force, a two-car accident occurred at the intersection of Ransom Road and Genesee Street in the Town of Lancaster. As a consequence, two separate actions

were commenced against "Joseph Heleniak as Treasurer of the Friends of Gorski". In each action it is claimed that the accident occurred because the vision of both drivers was obstructed by a "Friends of Gorski" campaign sign located at or near the northeast corner of Genesee Street and Ransom Road. Defendant disclaimed liability, rejecting plaintiff's request for defense and indemnification on the ground that because plaintiff was sued in his representative capacity he would "suffer no exposure".

Plaintiff brought this action seeking judgment declaring that defendant is obligated to defend and indemnify him in the underlying actions. Both parties moved for summary judgment, and Supreme Court, without explanation, granted defendant's motion and dismissed the complaint. We reverse, and direct that judgment be entered declaring that defendant is obligated to defend and indemnify plaintiff in the underlying actions. Those actions were brought against plaintiff "as Treasurer of the Friends of Gorski" pursuant to authority found in General Associations Law § 13. That statute was enacted for convenience only, however, and did not create new substantive rights or liabilities; liability remains, as it was at common law, that of the members severally (see, Martin v Curran, 303 NY 276, 281; Mounteer v Bayly, 86 AD2d 942, 943). The liability to be enforced in any suit brought pursuant to that statute "is still that of the individual members as individuals" (Martin v Curran, supra, at 281).

The issue whether there will be sufficient assets to satisfy any judgments which may be entered in the underlying actions, thus inspiring a new action against plaintiff as an individual (see, General Associations Law § 16), bears no relationship to defendant's duty to defend and indemnify plaintiff in the actions already commenced. (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Lawton and Lowery, JJ.