■ STANLEY RAJTER, Appellant, v LOCAL #294 AFFILIATED WITH INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Respondents, et al., Defendant. [649 NYS2d 249] —Casey, J. Ap-

peal from an order of the Supreme Court (Best, J.), entered November 28, 1995 in Montgomery County, which granted certain defendants' motions for summary judgment dismissing the complaint against them.

The only issue on this appeal is whether there are triable questions of fact regarding the accrual date of plaintiff's cause of action based upon the alleged breach of defendant union's duty of fair representation. Accrual occurred when plaintiff knew or reasonably should have known of the breach (see, Peculis v Longview Fibre Co., 135 AD2d 929, 931, lv denied 74 NY2d 615). Plaintiff's claim is based upon the union's refusal to refer plaintiff's grievance to arbitration. In support of their motions for summary judgment, the union and defendant employer relied upon a letter, dated October 19, 1993, addressed to the union's business agent, in which plaintiff requested an explanation of why his grievance was not being referred to arbitration "and why you *denied* it to be" (emphasis in original). Supreme Court relied upon the foregoing statement to conclude that plaintiff's cause of action accrued no later than October 19, 1993.

Plaintiff contends that the foregoing statement must be considered in the context of the entire letter which, according to plaintiff, constitutes nothing more than a demand for a formal written decision from the union on plaintiff's request that his grievance be submitted to arbitration. It is undisputed that the union did not respond to the letter, and plaintiff alleges that he was never specifically told by a union representative that his grievance would not be submitted to arbitration.

We agree with Supreme Court that the letter is sufficient to establish the accrual date as a matter of law. Plaintiff's attempt to disavow the clear language of his letter is unavailing. It is undisputed that when he wrote the letter plaintiff had been notified that his grievance had been denied, knew that the union disagreed with him regarding the merits of his grievance, and was aware that during the two-month period after the denial of his grievance the union had not referred the grievance to arbitration. Noticeably absent from the letter is anything to suggest that plaintiff had any realistic belief that the union might still refer the grievance to arbitration. Instead, plaintiff sought only a written explanation for the union's failure to do so. Moreover, any subjective doubt that plaintiff may have retained clearly would have been dispelled by the union's failure to respond to plaintiff's certified letter within a reasonably short period of time. Plaintiff's lengthy delay in commencing the action rendered the action untimely.

Mercure, J. P., White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.