■ TIMOTHY J. WALSH, Respondent, v REBECCA TORRES-LYNCH, Individually and as Director of Human Resources Department of Rochester City School District, et al., Defendants, and ROCHESTER TEACHERS' ASSOCIATION, Appellant. [697 NYS2d 434] —Order unanimously reversed on the law without costs, motion granted and amended complaint against defendant Rochester Teachers' Association (Adam Urbanski, as President) dismissed. Memorandum: Plaintiff commenced this action against defendants Rebecca Torres-Lynch (as Director of the Human Resources Department of the Rochester City School District [District] and individually), the District, the Superintendent of the District, the Board of Education of the District (collectively, City defendants) and the Rochester Teachers' Association (Adam Urbanski, as President) (Union), seeking declaratory relief and damages for intentional misrepresentation by the City defendants, violation of plaintiff's right to fair representation by the Union, and intentional infliction of emotional distress by all defendants. Plaintiff alleged that in

May 1997 he was induced to resign from his position as a teacher of social studies, effective June 26, 1997, by a promise of Torres-Lynch that he would be transferred to an elementary school teaching position—an area in which plaintiff had tenure—for the following academic year. Plaintiff's letter of resignation was subsequently treated as a resignation from District employment. The following academic year he was not given an elementary school teaching position.

Supreme Court erred in denying the motion of the Union to dismiss the amended complaint against it. The amended complaint alleges that, although plaintiff received some assistance from Union agents in attempting to "rescind" his resignation, the Union violated its duty to represent him under the collective bargaining agreement. It further alleges that the Union's conduct was intentional and caused plaintiff to suffer emotional distress. The failure to allege that the individual members of the Union authorized or ratified the complained of conduct renders the amended complaint fatally defective as against the Union (*see, Martin v Curran,* 303 NY 276; *see also, Saint v Pope,* 12 AD2d 168, 171-172; *cf., Grahame v Rochester Teachers Assn.,* 262 AD2d 963). The *Martin* rule applies to a cause of action alleging an intentional tort (*see, Martin v Curran, supra; cf., Torres v Lacey,* 3 AD2d 998). It also applies to a cause of action by union members for damages resulting from the union's failure to prosecute member grievances (*see, Saint v Pope, supra,* at 171-172), which failure constitutes a violation of a union's duty of fair representation with respect to members' rights under the collective bargaining agreement (*see, Herington v Civil Serv. Empls. Assn.,* 130 AD2d 961, 962; *see also, Rajter v Local No. 294,* 233 AD2d 559, 560). Thus, contrary to plaintiff's contention, the *Martin* rule applies to a cause of action alleging breach of the duty of fair representation. We further reject plaintiff's contention that the amended complaint sufficiently alleges that the Union's membership ratified or authorized the complained of conduct by alleging that the membership adopted the collective bargaining agreement.

We note in addition that the court erred in denying the Union's motion insofar as it sought dismissal of the duty of fair representation cause of action as untimely (*see,* CPLR 217 [2] [a]). Although plaintiff may have had a reasonable belief that the Union would represent him for some period of time after his last interaction with a Union agent in late July 1997, he alleges nothing that would support such a belief through January 12, 1998, the last day for timely assertion of the cause of

action (*see, Rajter v Local No. 294, supra,* at 560). (Appeal from Order of Supreme Court, Monroe County, Van Strydonck, J.— Dismiss Pleading.) Present—Green, J. P., Pine, Wisner, Callahan and Balio, JJ.