MICHAEL F. LAHENDRO et al., Respondents, v NEW YORK STATE UNITED TEACHERS ASSOCIATION et al., Appellants. [931 NYS2d 724]—

Lahtinen, J.

Plaintiff Michael F. Lahendro was a longtime tenured guidance counselor at Brushton-Moira Central School District. The district filed disciplinary charges against Lahendro seeking to terminate him from employment for alleged inappropriate conduct around female students. Contending that the allega-

tions were false, he met with an attorney and labor relations specialist from defendant New York State United Teachers Association (hereinafter NYSUT) and he executed a demand for a hearing (*see* Education Law § 3020-a [2] [c]). NYSUT representatives assumed responsibility to file the demand with the district. However, the demand was filed one day late and the district refused to accept it.

Thereafter, rather than pursue a request for permission to file a late demand (*see generally Matter of Weill v New York City Dept. of Educ.*, 61 AD3d 407 [2009]; *Matter of Gagnon v Wappingers Cent. School Dist. Bd. of Educ.*, 268 AD2d 472 [2000]), Lahendro entered into a settlement agreement with the district in which, among other things, he agreed to retire. Lahendro and his wife then commenced this action alleging breach of the duty of fair representation and negligence. Defendants moved to dismiss (*see* CPLR 3211 [a] [7]) and Supreme Court denied the motion.* Defendants appeal.

We consider first defendants' contention that plaintiffs failed to properly plead a breach of the duty of fair representation because where, as here, the union is an unincorporated association, the complaint must allege that each member of the union authorized or ratified the conduct giving rise to the breach. The Court of Appeals held in *Martin v Curran* (303 NY 276 [1951]) that a voluntary unincorporated association "has no existence independent of its members" (*id.* at 280). The Court went on to state that "for better or worse, wisely or otherwise, the Legislature has limited . . . suits against association officers, whether for breaches of agreements or for tortious wrongs, to cases where the individual liability of every single member can be alleged and proven" (*id.* at 282). Narrow exceptions, not applicable here, have been carved from the *Martin* rule (*see Madden v Atkins*, 4 NY2d 283, 296 [1958]; *cf. People v Newspaper & Mail Deliverers' Union of N.Y. & Vicinity*, 250 AD2d 207, 214 [1998], *lvs denied* 93 NY2d 877, 1023 [1999], *cert denied* 528 US 1081 [2000]), the rule has been criticized (*see e.g. A. Terzi Productions, Inc. v Theatrical Protective Union*, 2 F Supp 2d 485, 491 [SD NY 1998]) and the rationale undergirding it has been abandoned by federal courts with regard to labor unions (*see Mine Workers v Coronado Coal Co.*, 259 US 344, 386-391 [1922]; *Modeste v Local 1199, Drug, Hosp. & Health Care*

---

* Defendants subsequently moved to reargue asserting that the individual defendants could not be held liable for acts committed in their capacity as union representatives. Supreme Court granted reargument and dismissed the action as to the individual defendants. Plaintiffs have filed an appeal from such order which is addressed in a separate decision decided herewith.

*Empls. Union, RWDSU, AFL-CIO,* 850 F Supp 1156, 1163-1164 [SD NY 1994], *affd* 38 F3d 626 [2d Cir 1994]). Nevertheless, *Martin* remains the law in New York (*see Walsh v Torres-Lynch,* 266 AD2d 817, 818 [1999]; *Mounteer v Bayly,* 86 AD2d 942, 943 [1982]; *Modeste v Local 1199,* 850 F Supp at 1161 n 3; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1025:2, at 258-259). One commentator has observed that, although a claim of breach of the duty of fair representation may be brought either in court or before an appropriate agency (such as the Public Employment Relations Board), the reality in light of *Martin* is that most such claims must be brought before an agency to survive early dismissal (*see* Rubinstein, *Union Immunity From Suit in New York,* 2 NYU J L & Bus 641, 645-646 [2006]).

Plaintiffs alleged in their complaint that NYSUT and defendant Brushton-Moira Teachers Association were unincorporated associations. They did not allege, and they acknowledged that they cannot prove, that all of the individual members of these defendants authorized or ratified the complained of conduct. Accordingly, defendants' motion to dismiss premised upon the *Martin* rule should have been granted (*see Walsh v Torres-Lynch,* 266 AD2d at 818; *Mounteer v Bayly,* 86 AD2d at 943; *see also Duane Reade, Inc. v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO,* 17 AD3d 277, 278 [2005], *appeal dismissed and lv denied* 5 NY3d 797 [2005]).

As for plaintiffs' second cause of action, they have "no cause of action against [Lahendro's] union . . . for negligence arising out of the performance of duties assumed under the collective bargaining agreement; [their] sole remedy is an action for breach of fair representation" (*Herington v Civil Serv. Empls. Assn.,* 130 AD2d 961, 961-962 [1987]; *see Mamorella v Derkasch,* 276 AD2d 152, 155 [2000]; *McClary v Civil Serv. Empls. Assn.,* 133 AD2d 522 [1987]). Hence, this cause of action cannot survive defendants' motion to dismiss.

The remaining arguments are academic.

Peters, J.P., Rose, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted and complaint dismissed.