# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1293**
**CA 12-01130**
PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

EUGENE PALLADINO, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CNY CENTRO, INC., CHARLES WATSON, AS BUSINESS
AGENT OF AMALGAMATED TRANSIT UNION, LOCAL 580
AND AMALGAMATED TRANSIT UNION, LOCAL 580,
DEFENDANTS-APPELLANTS.

---

FERRARA, FIORENZA, LARRISON, BARRETT & REITZ, P.C., EAST SYRACUSE
(CRAIG M. ATLAS OF COUNSEL), FOR DEFENDANT-APPELLANT CNY CENTRO, INC.

BLITMAN & KING LLP, SYRACUSE (KENNETH L. WAGNER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS CHARLES WATSON, AS BUSINESS AGENT OF AMALGAMATED
TRANSIT UNION, LOCAL 580 AND AMALGAMATED TRANSIT UNION, LOCAL 580.

ROBERT LOUIS RILEY, SYRACUSE, FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered April 12, 2012.  The order, insofar as appealed from, denied in part the motions of defendants for summary judgment.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motions are granted in their entirety and the amended complaints are dismissed.

Memorandum:  Defendants appeal from an order that granted only in part their respective motions seeking summary judgment dismissing the amended complaints against them.  We agree with defendants that Supreme Court should have granted their motions in their entirety. Defendants Amalgamated Transit Union, Local 580 (Union) and Charles Watson, as business agent of the Union, contend that the Union is a voluntary unincorporated association and that plaintiff has failed even to plead that the Union's conduct was authorized or ratified by the entire membership of the association.  We agree (*see Martin v Curran*, 303 NY 276, 282; *Zanghi v Laborers' Intl. Union of N. Am., AFL-CIO*, 8 AD3d 1033, 1034, *lv denied* 4 NY3d 703).  Thus, we further agree with those defendants that plaintiff's contention that the Union breached its duty of fair representation is "fatally defective" (*Walsh v Torres-Lynch*, 266 AD2d 817, 818).  In light of our conclusion, we do

not address defendants' remaining contentions.