■ CABLEVISION SYSTEMS CORPORATION et al., Appellants, v COMMUNICATIONS WORKERS OF AMERICA DISTRICT 1 et al., Respondents. [16 NYS3d 753]—

In an action, inter alia, sounding in harassment in the second degree (Penal Law § 240.26), trespass, stalking in the fourth degree (Penal Law § 120.45), disorderly conduct (Penal Law § 240.20), and tortious interference with contractual and business relations, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Diamond, J.), entered September 24, 2013, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and (2) a judgment of the same court entered October 18, 2013, which, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The *Martin* rule (*see Martin v Curran*, 303 NY 276 [1951]) bars all actions against an unincorporated voluntary membership association, and bars claims against the officers of such an association in their representative capacities where there is no allegation that the members of the association authorized or ratified the wrongful conduct complained of. The Supreme Court properly applied the *Martin* rule in dismissing the complaint against the defendants Communications Workers of America District 1 and Communications Workers of America Local 1109 (hereinafter together the union defendants) and the defendants Christopher M. Shelton, Rolando Scott, Timothy Dubnau, Erin Mahoney, and Zelig Stern (hereinafter collectively the individual defendants) in their representative capacities as officers of the union defendants (*see Martin v Curran*, 303 NY 276 [1951]; *see also Palladino v CNY Centro, Inc.*, 23 NY3d 140 [2014]; *Lahendro v New York State United Teachers Assn.*, 88 AD3d 1146 [2011]; *Duane Reade, Inc. v Local 338 Retail, Wholesale, Dept. Store Union, UFCW, AFL-CIO*, 17

AD3d 277 [2005]). Contrary to the plaintiffs' contention, the *Martin* rule applies to claims for injunctive relief (*see Mounteer v Bayly*, 86 AD2d 942 [1982]; *Olympic Radio & Tel., Inc. v Andrews*, 279 App Div 1081 [1952]).

The cause of action sounding in tortious interference with contractual and business relations was properly dismissed for the additional reason that the complaint failed to plead each of the requisite elements of that cause of action (*see McGill v Parker*, 179 AD2d 98 [1992]).

The causes of action alleging violations of the Penal Law were properly dismissed on the ground that the subject Penal Law provisions do not create a private right of action (*see Hammer v American Kennel Club*, 1 NY3d 294 [2003]).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur. 